## STATE OF HAWAII *v.* JAN CASEY.

## No. 4653.

MARCH 13, 1969.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON, JJ.,
AND CIRCUIT JUDGE LAURETA ASSIGNED BY
REASON OF VACANCY.

OPINION OF THE COURT BY MARUMOTO, J.

This is an appeal by Jan Casey, wife of John Casey, from a circuit court judgment which adjudged her guilty of committing the offense of larceny in the second degree.

Appellant and her husband were originally charged in the district court separately with the commission of the same offense. The district court found them guilty, and

they appealed to the circuit court. In the circuit court, their cases were consolidated for trial, and the trial was set to commence in the morning of March 13, 1967. The same counsel represented both of them in all circuit court proceedings pertinent to this case.

At the time set for trial, appellant was not in court. So, the court went ahead with the trial of the husband's case. The trial was without a jury, and was concluded shortly before noon.

Appellant appeared in court in the afternoon with counsel. At this appearance, counsel stipulated that "all of the evidence that was heard this morning in the case against John Casey would be the same evidence that would be presented by both the prosecution and the defense, if the case of State of Hawaii against Jan Casey were to be tried." The court approved the stipulation, and upon consideration of the evidence adduced in the husband's case, found both husband and wife guilty as charged.

The stipulation, in effect, waived appellant's right to be confronted with witnesses against her. This right of confrontation is one of the fundamental personal rights guaranteed to an accused both in the constitution of the State of Hawaii and the United States Constitution. Such right may be waived. *Diaz* v. *United States,* 223 U.S. 442, 450 (1912). But waiver is never presumed. *Johnson* v. *Zerbst,* 304 U.S. 458, 464 (1938). For an effective waiver, there must be express and intelligent consent on the part of the accused. *Patton* v. *United States,* 281 U.S. 276, 312 (1930). Whether there has been such waiver should be determined by the trial court upon penetrating and comprehensive examination. *Von Moltke* v. *Gillies,* 332 U.S. 708, 723 (1948). That the accused waived his right with full understanding of the nature of his action must appear of record. *Johnson* v. *Zerbst, supra; Von Moltke* v. *Gillies, supra.* Presuming waiver from a silent record is not per-

missible. *Carnley* v. *Cochran,* 369 U.S. 506, 516 (1962).

Here, the waiver, if it is effective at all, must stand on counsel's action, not on any action of appellant. Before approving the stipulation, the court did not inquire of appellant whether she authorized or acquiesced in it, or understood its import. The record does not show that appellant was apprised of the contents of the evidence that was adduced in the husband's case.

There are cases which sanction defense counsel's waiver of certain aspects of the right of an accused to be confronted with witnesses against him, where such waiver is considered as a matter of trial tactics and procedure. *Territory* v. *Fukunaga,* 30 Haw. 697 (1929), *aff'd., Fukunaga* v. *Territory of Hawaii,* 33 F.2d 396 (9th Cir. 1929), *cert. denied,* 280 U.S. 593 (1929); *Himmelfarb* v. *United States,* 175 F.2d 924 (9th Cir. 1949), *cert. denied,* 338 U.S. 860 (1949); *Cruzado* v. *People of Puerto Rico,* 210 F.2d 789 (1st Cir. 1954).

But where a waiver goes beyond the bounds of trial tactics and procedure, and impinges significantly on constitutionally guaranteed right, it must be the personal action of the beneficiary of the right. In this connection, *Brookhart* v. *Janis,* 384 U.S. 1 (1966), is significant.

*Brookhart* v. *Janis* involved defense counsel's acceptance of "prima facie" trial, under the criminal practice in Ohio, in lieu of a full scale trial. The record showed no comprehension on the part of the accused of the meaning of that type of trial. In reversing the judgment of conviction entered by the state court, the United States Supreme Court stated:

"By agreeing to this truncated kind of trial—if trial it could be called—we can assume that the lawyer knowingly agreed that the State need make only a prima facie showing of guilt and that he would neither offer evidence on petitioner's behalf nor cross-examine

any of the State's witnesses. The record shows, however, that petitioner himself did not intelligently and knowingly agree to be tried in a proceeding which was the equivalent of a guilty plea and in which he would not have the right to be confronted with and cross-examine the witnesses against him. * * * We hold that the constitutional rights of a defendant cannot be waived by his counsel under such circumstances."

The opinion of the court in that case was written by Mr. Justice Black. Mr. Justice Harlan wrote a separate opinion in which he stated that a lawyer may properly make a tactical determination of how to run a trial even in the face of his client's incomprehension or even explicit disapproval, but the procedure agreed to in the case involved so significant a surrender of the rights of the accused that it was objectionable for federal constitutional purposes.

The prosecution argues that appellant was not deprived of her constitutional right because her counsel, who presented the stipulation, was the same counsel who tried the husband's case and questioned the witnesses, and the judge who approved it was the same judge who heard the husband's case and had it under advisement. We answer the argument by referring to *Dutton* v. *State*, 123 Md. 373, 91 A. 417 (1914), a case in which the testimony of the prosecuting witness was taken out of the presence of the accused, where the court stated: "It is quite possible that one on trial may be able to make valuable suggestions to his attorney during the examination of witnesses * * * as it matters not how well an attorney may have prepared for the trial of a case, it is impossible for him to anticipate all that may be said, or to know all the details a witness on the opposite side will testify to."

We hold that under the facts appearing of record in this case, the stipulation went beyond the permissible

bounds of waiver relating to tactical and procedural matters, and, in approving it merely upon counsel's presentation without ascertaining whether it represented the will of appellant, the court committed reversible error.

In view of the holding on the constitutional question, we do not reach the question of the sufficiency of the evidence to support the finding of appellant's guilt.

Reversed and remanded to the circuit court for trial.

*Raymond J. Tam (Ikenaga and Tam* of counsel) for appellant.

*John H. Peters,* Prosecuting Attorney, City and County of Honolulu *(John A. Radway, Jr.,* Deputy Prosecuting Attorney, on the brief), for appellee.