STATE OF HAWAII, Plaintiff-Appellee, *v*. MICHAEL GARDNER DAVIS, Defendant-Appellant

NO. 5994

DECEMBER 13, 1978

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

OPINION OF THE COURT BY KIDWELL, J.

Appellant pleaded guilty to charges of kidnapping and of rape in the first degree, and pursuant to HRS § 706-661 was sentenced to extended terms of imprisonment of twenty years and of life with possibility of parole. The extended terms were premised upon oral findings by the trial court that appellant is a persistent offender whose commitment for an extended term is necessary for the protection of the public, as described in HRS § 706-662(1), and is a multiple offender whose criminality is so extensive that a sentence of imprisonment for an extended term is warranted, as described in HRS § 706-662(4).[1] Appellant has appealed from the sentences. We affirm.

---

[1] HRS § 706-662 is set out in full in footnote 2 in the opinion in No. 6219, *State v. Huelsman*, filed this day.

Appellant attacks the subsections of § 706-662 under which the sentences were imposed as unconstitutionally vague and uncertain, and also contends that the trial court improperly initiated the extended term hearing and erroneously considered a presentence report. The constitutional question has been disposed of in *State v. Huelsman*, No. 6219, filed this day. In that case we held that § 706-662(4), when construed as incorporating the standard of necessity for protection of the public which is expressly contained in § 706-662(1), is not deficient in specificity. There is no need to consider whether our construction of § 706-662(4) requires remand for reconsideration of the sentence by the trial court, since the extended term sentences are also expressly founded upon § 706-662(1). Accordingly, we will confine our consideration to the remaining questions raised by appellant.

The hearing required by HRS § 706-664 was held upon notice given to appellant by the State. At the hearing, appellant objected to the proceeding upon the ground that the notice had been issued at the suggestion of the trial court. Subsequently, counsel for appellant and the State stipulated that the notice of hearing was filed by the State at the trial court's suggestion, but also that the decision to proceed by filing the notice was made by the prosecuting attorney upon a review of appellant's criminal record. A presentence diagnosis and report was before the trial court and, although not formally offered in evidence, is part of the record of this appeal. Appellant stipulated, in effect, that the report correctly set forth appellant's prior convictions but objected to the use of the report by the trial court for any other purpose. The age of appellant was also stipulated, and the facts that appellant was over the age of twenty-two years and had previously been convicted of two felonies committed at different times when he was eighteen years of age or older, as required by § 706-662(1), are confirmed by the record.

The trial court's oral finding that appellant is a persistent offender whose commitment for an extended term is necessary for protection of the public was expressly founded on a psychological evaluation of appellant appended to the presentence report.

I.

HRS § 706-601 requires that the court shall give consideration to a presentence correctional diagnosis of the defendant before imposing sentence for a felony. HRS § 706-603 permits the court to order a presentence psychiatric examination. HRS § 706-604 requires the court, before imposing sentence, to furnish to the defendant or his counsel a copy of any presentence diagnosis or psychiatric examination and afford a fair opportunity to controvert or supplement them. Both a presentence diagnosis and a report of a psychiatric examination of appellant (which we refer to jointly as the "presentence report") were before the sentencing judge at the extended term hearing in this case and are in the record. The facts and opinions in the presentence report were considered by the sentencing judge, over appellant's objection, in finding that appellant's commitment for an extended term is necessary for protection of the public. Neither the author of the presentence diagnosis nor the doctor who reported on the psychiatric examination were placed on the stand, but no request was made by appellant that they be called. Appellant argues that the sentencing judge impermissibly relied upon hearsay in making the findings which HRS § 706-662(1) requires to support the extended term sentence. Appellant has not claimed deprivation of due process in support of this argument.

Appellant refers us to *Jones v. State*, 477 P.2d 85 (Okl. Cr. App. 1970) and *In re Tartar*, 52 Cal. 2d 250, 339 P.2d 553 (1959). In each of these cases the proof of prior convictions by a presentence report was held insufficient to support an enhanced sentence. But we do not have such a case before us. The facts necessary to establish appellant's age and prior convictions as required by § 662(1) are in the record without reliance on the presentence report. Thus we do not have the question whether such historical facts may be proved by hearsay. See *State v. Huelsman, supra*. The use made of the presentence report by the sentencing judge was required by HRS § 706-601 and constituted permissible use of hearsay under the statute.

## II.

It is undisputed that the trial court initiated consideration of an extended term sentence in this case. Appellant's written guilty plea discloses that he pleaded guilty to two counts of a six count information in reliance upon the State's promise to move to dismiss the remaining counts. There is nothing to indicate, and appellant does not contend, that the State made any commitment to refrain from recommending an extended term.

Appellant argues that HRS § 706-664[2] contemplates that the prosecution shall be the moving party in an extended term hearing and that the question of imposition of an extended term was not properly before the court in this case. But the statute requires only that notice of the hearing be given and says nothing about the roles of court and prosecutor in initiating the proceeding. The reference to a motion, in the commentary to the section, does not indicate that only that method of initiating the proceeding was thought to be appropriate by the drafters of the section. The commentary is not evidence of legislative intent, in any event. HRS 701-105. We find no support in the statute for appellant's argument.

Moreover, to confine consideration of an extended term sentence to only those cases in which the prosecution moves for imposition of an extended term would make the imposition of an extended term sentence subject to negotiation between the prosecutor and the defendant. We emphasized in *State v. Gumienny*, 58 Haw. 304, 568 P.2d 1194 (1977), the necessity for keeping the sentencing judge free from the plea bargaining process. It would be quite inconsistent with that policy to empower the prosecutor by a plea bargain to foreclose consideration of an extended term by the sentencing judge. The

---

[2] § 706-664 Procedure on imposing sentence of imprisonment for an extended term. The court shall not impose a sentence of imprisonment for an extended term unless the ground therefor has been established at a hearing after the conviction of the defendant and on written notice to him of the ground proposed. Subject to the provisions of section 706-604, the defendant shall have the right to hear and controvert the evidence against him and to offer evidence upon the issue.

104

effect of the participation by the prosecutor in an extended term hearing, in breach of a plea bargain, is dealt with in No. 5968, *State v. Waiau,* filed this day, and is not before us here. We find no error in the initiation of the extended term hearing in this case.

Affirmed.

*Edward R. Lebb (Ing, Lebb and Yano* of counsel) for defendant-appellant.

*Allen S. Chock,* Deputy Prosecuting Attorney, City & County of Honolulu, for plaintiff-appellee.