STATE OF HAWAII, Plaintiff-Appellee, *v.* JAMILA EL'AYACHE, Defendant-Appellant

NO. 6532

OCTOBER 24, 1980

RICHARDSON, C.J., OGATA AND MENOR, JJ.,
RETIRED JUSTICE MARUMOTO AND CIRCUIT
JUDGE LUM ASSIGNED BY REASON OF VACANCIES

*Per Curiam.* Defendant-appellant Jamila El'Ayache was convicted in a bench trial in the first circuit court for theft in

the first degree, Section 708-831,[1] Hawaii Revised Statutes (1976), and sentenced to five years probation. In this appeal, defendant seeks to reverse her conviction on constitutional grounds. She contends that during her trial, she was denied the right to confront and cross-examine witnesses against her,[2] and that she was deprived the effective assistance of counsel.[3] We have examined each of her claims and for reasons set forth below, we affirm her conviction.

I.

Defendant's trial took place on the morning of February 17, 1977. Because of certain stipulations entered into by the State and defense, the State was required to call only one witness to testify to prove its case.

The first stipulation agreed that if Patricia Figueroa were called as a witness, she would testify, *inter alia*, that she was a security officer for McInerny's when she observed defendant remove items of clothing from the rack, place them in a handbag, and exit the store without paying for them.

The next stipulation agreed that if Gloria Ilae were called as a witness, she would testify essentially to the same facts as Patricia Figueroa; that both witnesses would identify each item of clothing, and the price tags attached to each would total $273.00; that both witnesses would also identify the handbag (admitted into evidence) used by the defendant to carry the clothing out of the store; and that the items of clothing are substantially in the same condition as on the date of theft.

---

[1] § 708-831   *Theft in the first degree.* (1) A person commits the offense of theft in the first degree if he commits theft:

. . . . .

(b) Of property or services the value of which exceeds $200;

[2] Fourteenth amendment, U.S. Constitution, and article I, section 14 (formerly section 11), Hawaii State Constitution.

[3] Fifth and sixth amendments, U. S. Constitution, and article I, section 14 (formerly section 11), Hawaii State Constitution

The State's only witness was Grace Lum, a sales clerk and employee of McInerny's for nineteen years, who testified as to the price of each item and the procedure employed in verifying the accuracy of the clothing price.

Defendant, who took the stand for a very brief period, admitted she took the five items of clothing. She testified that she was not aware of the price of each item and thought they were worth "no more than $150."

The court found defendant guilty as charged and made a specific finding that the value of the clothing was in excess of $200.00.

## II.

Defendant raises two arguments in her appeal. First, she contends that the trial court erred in admitting the stipupulations of the testimony of the State's witnesses, thereby denying defendant her constitutional right to confront and cross-examine witnesses against her. Second, she contends that she was deprived effective assistance of counsel.

In both arguments, we disagree.

There are cases which sanction defense counsel's waiver of certain aspects of the right of an accused to be confronted with witnesses against him, where such waiver is considered as a matter of trial tactics and procedure. *State v. Casey*, 51 Haw. 99, 101, 451 P.2d 806, 808 (1969), citing *Territory v. Fukunaga*, 30 Haw. 697 (1929), *aff'd*, 33 F.2d 396 (9th Cir. 1929), *cert. denied*, 280 U.S. 593 (1929); *Himmelfarb v. United States*, 175 F.2d 924 (9th Cir. 1949), *cert. denied*, 338 U.S. 860 (1949); *Cruzado v. People of Puerto Rico*, 210 F.2d 789 (1st Cir. 1954).

It is not in every instance that lack of confrontation rises to constitutional proportion. For instance, merely because evidence is admitted in violation of a long-established hearsay rule does not lead to the automatic conclusion that confrontation rights have been denied. *State v. Ing*, 53 Haw. 466, 468, 497 P.2d 575, 577 (1972), citing *California v. Green*, 399 U.S. 149 (1970). And a state's failure to produce an informant to testify against the accused does not unconstitutionally de-

prive the accused of his right of confrontation. *Cooper v. California*, 386 U.S. 58 (1967). The right to confront and to cross-examine is not absolute and may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process. *Chambers v. Mississippi*, 410 U.S. 284, 295 (1973), citing *Mancusi v. Stubbs*, 408 U.S. 204 (1972).

Indubitably, one of the legitimate interests in the criminal trial process is the right of defense counsel to make an appropriate judgment on the trial tactics and procedure to be employed in defense of his client based upon his knowledge of the facts and law of the case; another is the expeditious manner in which the criminal trial is conducted. The decision whether to call a witness or not in a criminal trial is normally a matter within the judgment of counsel and, accordingly, will rarely be second-guessed by judicial hindsight. *State v. McNulty*, 60 Haw. 259, 270, 588 P.2d 438, 446 (1978).

Having reviewed the entire record, we conclude that defense counsel made an appropriate tactical judgment not to call the witnesses whose testimony was embraced by the stipulations. Their testimonies would have consumed time needlessly. Defense counsel instead chose to concentrate his defense on the government's inability to prove that the clothing's value exceeded $200.00, in an attempt to spare his client a felony conviction. He chose to cross-examine Grace Lum extensively, which consumed the bulk of the trial time. Had defense counsel succeeded in raising doubt in the court's mind that the value of the clothing was less than $200.00, defendant would have been convicted of a misdemeanor instead of a felony.

Lawyers require and are permitted broad latitude to make on-the-spot strategic choices in the course of trying a case. *State v. Antone*, 62 Haw. 346, 615 P.2d 101 (1980). We find, viewing the record as a whole, that effective assistance of counsel was provided to the defendant. The judgment of defense counsel to stipulate into evidence testimonies which overwhelmingly favored the government was within the range of competence demanded of attorneys in criminal cases. *See State v. Kahalewai*, 54 Haw. 28, 30, 501 P.2d 977, 979 (1972).

Consequently, we find no error by the trial court in admitting the stipulations into evidence without first determining whether defendant had knowingly and voluntarily waived her constitutional right to confront and cross-examine the witnesses, and we conclude that defendant's argument is without merit.

Accordingly, the judgment is affirmed.

*Marie N. Milks*, Deputy Public Defender, for defendant-appellant.

*Arthur E. Ross (Paul H. Toyozaki* on the answering brief), Deputy Prosecuting Attorneys, for plaintiff-appellee.