RICHARD THOMPSON, Petitioner-Appellant, *v.* GEORGE YUEN, Individually and in his capacity as Director of Health, State of Hawaii and LEE WHEELER, Director of Hawaii State Hospital, Respondents-Appellees

NO. 6498

FEBRUARY 12, 1981

RICHARDSON, C.J., OGATA, MENOR, LUM AND NAKAMURA, JJ.

*Per Curiam.* Petitioner-appellant Richard Thompson (here-inafter appellant) appeals the order denying his petition for Writ of Habeas Corpus brought against respondent-appellees George Yuen, Director of Health, State of Hawaii, and Lee Wheeler, Director of the Hawaii State Hospital in Kaneohe, Hawaii (hereinafter appellees). We affirm.

Appellant was charged with Criminal Trespass in the First Degree in Honolulu District Court on May 4, 1976. Pursuant to appel-

lant's request for mental examination, a three-member sanity commission was appointed and a report was submitted to the court. The report concluded that appellant lacked substantial capacity to appreciate the wrongfulness of his conduct and to conform his conduct to the requirements of law at the time of the alleged offense. The report of the sanity commission was admitted into evidence by stipulation of the parties at a hearing on appellant's motion for judgment of acquittal. On June 7, 1976, the district judge rendered a judgment of acquittal against the appellant for lack of penal responsibility due to mental disease, disorder or defect. After the appellant was insanity-acquitted, a hearing on commitment was held on the same day and the district court found that appellant was a danger to himself or to person or property of others and was not a proper candidate for conditional release. Appellant was committed to the custody of the Director of Health for placement in the State Hospital or other appropriate institution. Appellant remained in the State Hospital from May 4, 1976, to December 3, 1976. Then on December 8, 1976, appellant filed a petition for Writ of Habeas Corpus, which was denied by the Circuit Court judge.

Appellant cites to three points of error: 1) that the commitment pursuant to HRS § 704-411(1) and (4)[1] denied him equal protection and due process of law by requiring a different burden of proof from that required under the civil commitment statute in HRS §

---

[1] HRS § 704-411(1) and (4) reads:

(1) When a defendant is acquitted on the ground of physical or mental disease, disorder, or defect excluding responsibility, the court shall, on the basis of the report made pursuant to section 704-404, if uncontested, or the medical evidence given at the trial or at a separate hearing, make an order as follows:

(a) The court shall order him to be committed to the custody of the director of health to be placed in an appropriate institution for custody, care, and treatment if the court finds that the defendant presents a risk of danger to himself or the person or property of others and that he is not a proper subject for conditional release; or

\* \* \* \* \*

(4) Whether the court's order under subsection (1) is made on the basis of the medical evidence given at the trial or on the basis of the report made pursuant to section 704-404 or the medical evidence given at a separate hearing, the burden shall be upon the State to prove, by a preponderance of the evidence, that the defendant may not safely be discharged and that he should be either committed or conditionally released as provided in subsection (1).

334-60(b)(4)(I)[2]; 2) that the State did not sustain its burden of proof such that the evidence presented was insufficient to commit; and 3) that appellant was denied the right of confrontation and cross-examination.

Appellant's first point of error contends that the burden of proof in commitment proceedings subsequent to a judgment of acquittal by reason of insanity should be the same as that under the civil commitment statute. Appellant contends that failure to have the same burden of proof violates his rights under due process and equal protection. Civil commitment under HRS § 334-60(b)(4)(I) requires proof beyond a reasonable doubt while commitment subsequent to an insanity acquittal requires a preponderance of the evidence. We find *United States v. Brown*, 478 F.2d 606 (D.C. Cir. 1973), dispositive of this issue.[3]

In *Brown, supra,* defendant was insanity-acquitted of robbery and assault with a deadly weapon and was committed to a mental institution. The standard of commitment for one insanity-acquitted was a preponderance of the evidence which was different from the civil commitment standard of proof beyond a reasonable doubt. The court held that due process and equal protection were not violated in using the preponderance of the evidence standard to commit an insanity-acquitted defendant. The court said:

> There is justification for the preponderance of proof standard
> for confinement of the insanity-acquitted even assuming a

---

[2] HRS § 334-60(b)(4)(I) reads:

(I) If after hearing all relevant evidence, including the result of any diagnostic examination ordered by the court, the court finds that an individual is not a person requiring medical, psychiatric, or other rehabilitative treatment or supervision, the court shall order that he be discharged if he has been hospitalized prior to the hearing. If the court finds beyond a reasonable doubt that the criteria for involuntary hospitalization has been met, the court may issue an order to any police officer to deliver the subject to a facility that has agreed to admit the subject as an involuntary patient. . . .

[3] *See also* State v. Warren, 169 Conn. 207, 363 A.2d 91 (1975); State v. Wilcox, 92 Wash.2d 610, 600 P.2d 561 (1979); State v. Krol, 68 N.J. 236, 344 A.2d 289 (1975); Jones v. United States, 411 A.2d 624 (D.C.Ct.App. 1980). These are cases holding that different standards of proof for civil commitment and commitment of one acquitted by reason insanity do not violate due process or equal protection.

higher standard is required prior to civil commitment for propensity.

* * * * *

The difference between the classes for purposes of burden of proof, is in the extent of possibility and consequence of error. If there is error in a determination of mental illness that results in a civil commitment, a person may be deprived of liberty although he never posed any harm to society. If there is an similar error in confinement of an insanity-acquitted individual, there is not only the fact of harm already done, but the substantial prospect that the same error, ascribing the quality of mental disease to a less extreme deviance, resulted in a legal exculpation where there should have been legal responsibility for the antisocial action.
478 F.2d at 611.

We hold that commitment of one insanity-acquitted by a preponderance of the evidence does not violate appellant's rights under due process or equal protection where a higher burden of proof exists for civil commitment.

Next we consider whether there was sufficient evidence presented by the State to commit appellant. The State offered the sanity commission report as its evidence in the commitment hearing to sustain its burden of proof by a preponderance of the evidence. The district court judge was required to commit appellant under HRS § 704-411(1)(a) where the sanity commission report prepared pursuant to section 704-404 went uncontested and the State met its burden of proof. The record reveals that the first condition was met when the district judge admitted into evidence the uncontroverted report. We also believe that the uncontested report was more than sufficient to meet the State's burden of proof. Thus, the district judge had sufficient evidence before it and properly committed appellant under the statute.

Appellant further contends that receipt of the sanity commission report into evidence denied appellant's right of confrontation and cross-examination. The right of confrontation is a fundamental constitutional guarantee of the accused. *State v. Adrian,* 51 Haw. 125, 453 P.2d 221 (1969); *State v. Casey,* 51 Haw. 99, 451 P.2d 806 (1969). This constitutional right can be waived, but waiver is never presumed and there must be an express and intelligent consent by the accused on the record. *State v. Casey, supra* at 100, 451 P.2d at 808.

However, defense counsel can waive certain aspects of the right of an accused to be confronted with witnesses against him where such waiver is considered a matter of trial tactics and procedure. *Id.* at 101, 451 P.2d at 808. But where waiver goes beyond tactics and procedure, and significantly impinges on a constitutionally guaranteed right, the defendant must make the decision with regard to waiver.

The instant case involves trial tactics employed by defense counsel in waiving appellant's right to confront witnesses. The record shows that the district court was willing to continue the hearing so that appellant could subpoena and then cross-examine the members of the sanity commission with regard to its findings. Appellant's counsel made a tactical decision in not calling and cross-examining the doctors. Counsel believed the State's evidence, which solely consisted of the written findings of the commission, was insufficient for the State to sustain its burden of proof, even though defense counsel erred in applying the proper standard of proof. Thus, appellant's right of confrontation was waived by defense counsel. This waiver did not go beyond the bounds of trial tactics and did not impinge significantly on a constitutional right. Therefore under *State v. Casey, supra,* we hold that defense counsel waived appellant's right of confrontation where such waiver was a matter of trial tactics. Furthermore, we will not second guess the judgment of counsel on whether or not to call a witness in a criminal proceeding. *State v. McNulty,* 60 Haw. 259, 588 P.2d 438 (1978), *cert. denied* 441 U.S. 961 (1979).

It is also contended that the admission of the sanity commission report violated the rule against hearsay. However, in pre and post trial proceedings, the rules of evidence are much relaxed. *See e.g., Bates v. Ogata,* 52 Haw. 573, 482 P.2d 153 (1971) (hearsay is admissible in bail hearings); *Williams v. New York,* 337 U.S. 241 (1949) and *State v. Davis,* 60 Haw. 100, 588 P.2d 409 (1978) (hearsay is admissible in sentencing). We note the distinction between the adversary proceedings to determine guilt or innocence and the disposition phase of the proceeding which allows for different application of the rules of evidence. *See State v. Nobriga,* 56 Haw. 75, 527 P.2d 1269 (1974).

This Court in *State v. Davis, supra,* held that consideration of a presentence report pursuant to statute was permissible use of hear-

say. In the instant case, the statute provides that the court may consider the sanity commission report in determining commitment of one insanity-acquitted. Applying the principles of *Davis* here, the court's use of the report was permissible.

We find no error in the circuit court's denial of appellant's petition for Writ of Habeas Corpus.

Affirmed.

*Patricia McManaman (Myles T. Yamamoto & Shelton Jim On* on the briefs), Deputy Public Defenders, for petitioner-appellant.

*Herbert Hamada (Melvyn M. Miyagi* on the brief), Deputy Attorneys General, for respondents-appellees.