STATE OF HAWAII, Plaintiff-Appellee, *v.* DONALD TETSUO OYAMA, Defendant-Appellant, and ALAN TSUNEO OYAMA, Defendant

NO. 7817

CRIMINAL NO. 52981

DECEMBER 18, 1981

RICHARDSON, C.J., OGATA, MENOR, LUM, NAKAMURA, JJ.

*Per Curiam.* Defendant-appellant Donald Tetsuo Oyama (hereinafter "appellant") seeks a reversal of his conviction by the first circuit court in a bench trial for manslaughter under HRS § 707-702 (1976). During the course of the trial, appellant's counsel stipulated into evidence the testimonies of ten State witnesses, all of whom were not present during the trial. Appellant is now contending that the trial court erred in admitting the stipulations without first examining appellant to determine whether appellant knowingly and intelligently waived his constitutional right of confrontation.[1]

For the reasons set forth below, we affirm.

The right of confrontation is a fundamental constitutional right of the accused. *Thompson v. Yuen,* 63 Haw. 186, 189, 623 P.2d 881, 884 (1981); *State v. Adrian,* 51 Haw. 125, 131, 453 P.2d 221, 225 (1969). But, this right is not absolute and defense counsel can waive certain aspects of the right where such waiver is considered a matter of trial tactics and procedure; *Thompson v. Yuen, supra* at 190, 623 P.2d at 884; *State v. El'Ayache,* 62 Haw. 646, 649, 618 P.2d 1142, 1144 (1980); *State v. Casey,* 51 Haw. 99, 100, 451 P.2d 806, 808 (1969); in which event the trial court is not required to determine whether defendant had knowingly and voluntarily waived his right. *State v. El'Ayache, supra* at 650, 618 P.2d at 1144. However, where waiver goes beyond tactics and procedure, and significantly impinges on a constitutionally guaranteed right, the defendant must make the decision with regard to waiver. *Thompson v. Yuen, supra* at 190, 623 P.2d at 884.

After reviewing the entire record, we conclude that defense counsel made an appropriate tactical decision to stipulate into evidence the testimonies and thereby waive appellant's right to confront and cross-examine those witnesses whose testimony was embraced by the stipulations. Counsel only stipulated to the testimony of witnesses who were involved with the discovery of the victim's

---

[1] Sixth amendment, U. S. Constitution and art. I, § 14, Hawaii State Constitution.

body and the preparation and gathering of demonstrative evidence. The confrontation and cross-examination of these witnesses were not material to appellant's principal defense of insanity.

Consequently, we find no error by the trial court in admitting the stipulations into evidence without first determining whether appellant knowingly and intelligently waived his right of confrontation.

Affirmed.

*Kenneth K. S. Lau,* Deputy Public Defender, on the brief for defendant-appellant.

*Sherrie T. Seki,* Deputy Prosecuting Attorney, on the brief for plaintiff-appellee.