STATE OF HAWAI`I, Plaintiff-Appellee,
v.
ANTHONY-PETER FRUSTAGLI, aka PETER ROSELLI, Defendant-Appellant.
No. 28167.
In the Intermediate Court of Appeals of Hawaii.
July 23, 2008.
On the briefs:
Karen T. Nakasone, deputy public defender, State of Hawai`i, for defendant-appellant.
James M. Anderson, deputy prosecuting attorney, City and County of Honolulu, for plaintiff-appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding J., and FOLEY, J.; and NAKAMURA, J., dissenting.
Defendant-Appellant Anthony Peter Frustagli, also known as Peter Roselli, (Frustagli) appeals from the Judgment of Conviction and Probation Sentence entered by the Circuit Court of the First Circuit[1] (circuit court) on August 30, 2006, following a jury verdict that found Frustagli guilty of Promoting a Dangerous Drug in the Third Degree, in violation of Hawaii Revised Statutes (HRS) § 712-1243 (Supp. 2007).[2]
At trial, the circuit court admitted into evidence a stipulation by Frustagli and Plaintiff-Appellee State of Hawaii (State) that established (1) the chain of custody for two ziploc bags recovered from Frustagli's person during a pre-incarceration search conducted at the Honolulu police station following Frustagli's arrest on outstanding warrants, and (2) that laboratory tests revealed that one of the ziploc bags contained.013 grams of methamphetamine.
On appeal, Frustagli's sole argument is that the circuit court plainly erred in admitting the stipulation into evidence without first conducting an on-the-record colloquy with Frustagli to ensure that he was knowingly and voluntarily waiving his constitutional rights to confront all of the witnesses who had handled the ziploc bags, and to have the State prove, beyond a reasonable doubt, every element of the drug offense with which he was charged.
In light of the Hawai`i Supreme Court's recent opinion in State v. Murray, 116 Hawai`i 3, 169 P.3d 955 (2007), we have no alternative but to agree with Frustagli that an on-the-record colloquy was required. Accordingly, we vacate the August 30, 2006 Judgment and remand for a new trial.

DISSENTING OPINION BY NAKAMURA, J.
The majority relies on the Hawaii Supreme Court's decision in State v. Murray, 116 Hawai`i 3, 169 P.3d 955 (2007), in concluding that the conviction of Defendant-Appellant Anthony Peter Frustagli (Frustagli) must be vacated and the case remanded for a new trial.[1] However, this case is materially different from Murray. Here, Frustagli signed a written "Stipulation As To Evidence" in which he specifically acknowledged waiving his constitutional rights of confrontation and to compel the prosecution to prove the stipulated facts. I do not read Murray as imposing an inflexible rule that a defendant's conviction must be vacated and a new trial granted in every case in which the trial court does not engage the defendant in an on-the-record colloquy regarding a stipulation to an element of the offense. I would remand the case for an evidentiary hearing on whether Frustagli knowingly and voluntarily waived his rights in signing the stipulation and whether his substantial rights were affected by the absence of the colloquy. Accordingly, I respectfully dissent.

I.
Frustagli was charged with knowingly possessing methamphetamine, in violation of Hawaii Revised Statutes (HRS) § 712-1234 (Supp. 2007). The charges were based on two plastic baggies recovered from Frustagli's pants pocket, one of which was found to contain a small amount of methamphetamine. Frustagli and his counsel entered into a written "Stipulation As To Evidence" with the prosecution. The parties stipulated to facts establishing the chain of custody for the two baggies and that laboratory analysis confirmed that one of the baggies contained methamphetamine. In the written stipulation, Frustagli acknowledged that by entering into the stipulation, he was waiving certain constitutional rights. The written stipulation provided:
11. Defendant Anthony Peter Frustagli hereby waives his constitutional right to confront and cross examine any of the above-named persons, whose testimonies are stipulated to, as evidenced by his signature below.
12. The Defendant, Anthony Peter Frustagli, hereby knowingly, voluntarily, and intelligently waives his constitutional right(s) to compel the prosecution to independently prove these stipulated facts and to establish these facts.
The written stipulation was signed by Frustagli, his attorney, and the prosecutor, and it was signed as "APPROVED AND SO ORDERED" by the circuit court. The factual portion of the stipulation was read to the jury at Frustagli's trial without the circuit court engaging Frustagli in an on-the-record oral colloquy concerning the stipulation.
Frustagli testified in his own defense. He admitted that he possessed the baggies but denied knowing that the baggies contained methamphetamine. He testified that he found the baggies on the ground and put them in his pocket because he could not find a trash can. Frustagali asserted that he was not familiar with methamphetamine and did not use drugs.

II.

A.
There was an evident tactical and strategic reason for Frustagli and his counsel to stipulate to evidence establishing the chain of custody and the drug analysis. The stipulation allowed the defense to "portray an air of candor" to the jury by demonstrating its willingness to agree to evidence that was not disputed. State v. Davis, 880 N.E.2d 31, 80 (Ohio 2008). It also served to focus the jury's attention on Frustagli's defense, which was that he did not know the baggies contained methamphetamine. Nothing in the record suggests that the prosecution could not have proven the chain of custody and the drug analysis if Frustagli had declined to stipulate. The defense made a reasonable tactical decision in stipulating to the evidence. E.g. People v. Phillips, 840 N.E.2d 1194, 1203 (Ill. 2005) ("[T]o contest the results of chemical testing, without a basis for doing so, would have simply highlighted testimony regarding the nature of the drug and would have unduly magnified its importance, when defendant was better served by focusing the jury's attention on the critical issue of whether defendant knowingly possessed the controlled substance."); People v. Brown, 844 N.Y.S.2d 110, 111 (N.Y. App. Div. 2007) (holding that defense counsel's stipulation to the chain of custody of the drugs was a permissible tactical decision).
Frustagli does not assert that his waiver of rights contained in the written stipulation was unknowing or involuntary. Nor does he claim that his counsel provided ineffective assistance with respect to the stipulation. Instead, he argues that he is entitled to the per se invalidation of his conviction and to a new trial because the circuit court committed plain error "in failing to conduct an on-the-record colloquy regarding the stipulation." Frustagli contends that this alleged error violated his constitutional rights to confrontation and to have the prosecution prove every element of the charged offense beyond a reasonable doubt.

B.
A majority of federal and state courts have held that, as a general rule, defense counsel may validly waive a defendant's right to confrontation by stipulating to evidence, without the trial court having to engage the defendant in a colloquy regarding the stipulation, if the decision to stipulate is a matter of trial tactics and the defendant does not object to the decision. People v. Campbell, 802 N.E.2d 1205, 1210-13 (Ill. 2003).[2] The New Hampshire Supreme Court explained the rationale for the general rule as follows:
Much of criminal trial practice involves deciding which issues to contest and which to concede. The trial court should not be interposed between attorney and client unless it appears that counsel is acting against the express wishes of the client. That is particularly true in a case such as this where the stipulation served a valuable strategic interest of the defendant. The stipulation removed a number of potentially damaging witnesses from the State's case and allowed the defendant to focus the trial on the issues he wished to contest.
State v. Jaorma, 660 A.2d 1131, 1132 (N.H. 1995).
Hawai`i decisions have applied the general rule by upholding evidentiary stipulations made by defense counsel without requiring the trial court to engage the defendant in a colloquy to determine whether the defendant knowingly and voluntarily waived his or her right of confrontation. In State v. Oyama, 64 Haw. 187, 637 P.2d 778 (1981), the trial court admitted defense counsel's stipulation to the testimonies of ten prosecution witnesses in a manslaughter case without determining whether the defendant knowingly and voluntarily waived his right of confrontation regarding the stipulations. The Hawai`i Supreme Court stated:
[The] right [of confrontation] is not absolute and defense counsel can waive certain aspects of the right where such waiver is considered a matter of trial tactics and procedure; in which event the trial court is not required to determine whether defendant had knowingly and voluntarily waived his right. However, where waiver goes beyond tactics and procedure, and significantly impinges on a constitutionally guaranteed right, the defendant must make the decision with regard to waiver.
Id. at 189, 637 P.2d at 779-80 (citations omitted). The court concluded that defense counsel's stipulation to testimony concerning the discovery of the victim's body and the gathering and preparation of demonstrative evidence was an appropriate tactical decision given the defendant's principal defense of insanity. Id. at 189, 637 P.2d at 780. The supreme court held that the trial court had not erred in admitting the stipulations into evidence without first determining whether defendant knowingly and intelligently waived his right of confrontation. Id.
In State v. El'Ayache, 62 Haw. 646, 618 P.2d 1142 (1980), the defendant was charged with first degree theft for stealing property the value of which exceeded $200, in violation of HRS § 708-831 (1976). Defense counsel stipulated to the testimony of two witnesses which established that the defendant had stolen items of clothing from a store. Id. at 647, 618 P.2d at 1143. As a result, the prosecution only called one witness to testify regarding the price of the items stolen. Id. at 648, 618 P.2d at 1143. Defendant testified and admitted that she took the items, but thought they were worth less than $200. Id. Defendant was convicted as charged of first degree theft and she appealed. Id.
On appeal, the Hawai`i Supreme Court held that the trial court did not err "in admitting the [witness] stipulations into evidence without first determining whether defendant had knowingly and voluntarily waived her constitutional right to confront and cross-examine the witnesses." Id. at 649, 618 P.2d at 1144. The court reasoned:
The right to confront and to cross-examine is not absolute and may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process.
Indubitably, one of the legitimate interests in the criminal trial process is the right of defense counsel to make an appropriate judgment on the trial tactics and procedure to be employed in defense of his client based upon his knowledge of the facts and law of the case; another is the expeditious manner in which the criminal trial is conducted. The decision whether to call a witness or not in a criminal trial is normally a matter within the judgment of counsel and, accordingly, will rarely be second-guessed by judicial hindsight.
Id. at 649, 618 P.2d at 1144 (citations omitted).
The court concluded that defense counsel "made an appropriate tactical judgment" in stipulating to the witness testimony and "choos[ing] to concentrate his defense on the government's inability to prove that the clothing's value exceeded $200.00, in an attempt to spare his client a felony conviction." Id. The court noted that had defense counsel been successful in raising a reasonable doubt about whether the value of the items stolen exceeded $200, the defendant would have been convicted of a misdemeanor instead of a felony. Id.

III.
In Murray, however, the Hawai`i Supreme Court held that when a stipulation regarding prior convictions is used to prove an element of a charged offense, "the trial court must engage defendant in a colloquy to confirm that defendant understands his constitutional rights to a trial by jury and that his stipulation is a knowing and voluntary waiver of his right to have the issue of his prior convictions proven beyond a reasonable doubt." Murray, 116 Hawai`i at 19-20, 169 P.3d at 971-72. In Murray, defense counsel stipulated to defendant's prior abuse convictions, an element of the charged offense, during motions in limine. Id. at 5, 169 P.3d at 957. The trial court did not conduct a colloquy with the defendant regarding the stipulation, and the prosecution read the stipulation into evidence. Id. There is no indication in Murray that the defendant signed a written stipulation or signed a written waiver of rights regarding the stipulation.
The supreme court concluded that the stipulation to the prior convictions was invalid because "[the defendant's] fundamental rights could not be waived or stipulated to by his counsel; only [the defendant] personally could have waived such rights." Id. at 13, 169 P.3d at 965. In view of the trial court's failure to "engage [the defendant] in a colloquy regarding waiving proof of an element of the charge," the supreme court vacated the trial court's judgment and remanded the case for a new trial. Id. at 14, 169 P.3d at 966.

IV.
Frustagli's case is similar to Murray in that the trial court accepted a stipulation to an element of the offense  that the substance Frustagli possessed was methamphetamine  without engaging Frustagli in an on-the-record colloquy regarding the stipulation. Frustagli's case is unlike Murray, however, in that Frustagli signed a written stipulation and specifically acknowledged in the stipulation that he was waiving his constitutional rights of confrontation and to compel the prosecution to prove the stipulated facts. Thus, in contrast to Murray, the record in this case is not silent regarding whether Frustagli waived his rights and there is an on-the-record waiver by Frustagli, albeit not in the form of an oral colloquy. It is not clear to me that under the facts of this case, the Hawai`i Supreme Court would necessarily conclude that the trial court erred. However, Murray states that the trial court must engage the defendant in a colloquy, and no colloquy was conducted in this case. Thus, I assume, as does the majority, that the trial court's failure to engage Frustagli in a colloquy constituted error.
Nevertheless, the written stipulation signed by Frustagli provides strong evidence that he knowingly and voluntarily waived his constitutional rights in stipulating to the evidence. In Murray, the supreme court did not discuss the reasons for the remedy it imposed and there appeared to be factors besides the trial court's failure to engage the defendant in a waiver colloquy that raised concerns over whether the defendant had received a fair trial. Thus, I do not read Murray as imposing a per se rule that a defendant's conviction must automatically be vacated in every case in which the trial court fails to conduct a waiver colloquy.
The waiver colloquy is not itself a constitutional right but a prophylactic means to ensure that a defendant's waiver of constitutional rights is knowing and voluntary. A defendant can knowingly and voluntarily waive constitutional rights without the court engaging the defendant in a waiver colloquy. For example, a defendant who stipulates to an element of the charged offense after being fully advised by defense counsel of the ramifications of the stipulation has knowingly and voluntarily waived his or her constitutional rights regarding the stipulation.
One of the policy justifications cited in Murray for imposing the colloquy requirement is that it would establish a record that would effectively settle questions regarding the validity of a defendant's waiver and thus conserve judicial resources by avoiding the need for extended post-conviction proceedings. Id. at 11-12, 169 P.3d at 963-64. But once the supreme court imposes a colloquy requirement, trial judges can be expected to comply with the supreme court's decision. The fact that the decision to impose the colloquy requirement was motivated by the desire to conserve judicial resources does not mean that a post-conviction evidentiary hearing should be barred in the presumably uncommon case in which a trial judge fails to comply with the supreme court's decision. Other courts that have imposed a colloquy requirement for a defendant's waiver of rights have permitted post-conviction evidentiary hearings to determine whether the defendant s waiver was knowing and voluntary when the trial court failed to conduct the required colloquy. See Jackson v. Commonwealth, 113 S.W.3d 128, 136 (Ky. 2003) (involving waiver of right to jury trial); Commonwealth v. Williams, 312 A.2d 597, 598-600 (Pa. 1973) (same).
In my view, when the trial court fails to engage the defendant in a waiver colloquy regarding a stipulation to an element of an offense, judicial resources would be conserved by remanding the case for an evidentiary hearing to determine whether the defendant knowingly and voluntarily waived his or her rights, rather than automatically requiring a new trial. This is especially true in cases like this one where there is strong evidence that the defendant knowingly and voluntarily waived his rights. Here, Frustagli signed the written stipulation in which he acknowledged his waiver of rights. He does not assert that his waiver of rights, in fact, was unknowing or involuntary. The decision to stipulate to evidence establishing the chain of custody and the drug analysis was an appropriate tactical decision. There is no indication that absent the stipulation the prosecution would have encountered any difficulty in proving the stipulated evidence.
I would remand this case for an evidentiary hearing to determine whether Frustagli knowingly and voluntarily waived his rights regarding the stipulation and whether his substantial rights were affected by the absence of the colloquy. At the outset, Frustagli should be required to affirmatively assert that in stipulating to the evidence, he did not knowingly and voluntarily waive his rights to have the prosecution prove and the jury find beyond a reasonable doubt the offense element established by the stipulation. Without such an assertion, there is no basis for Frustagli to challenge his conviction. The circuit court should then determine whether Frustagli knowingly and voluntarily waived his rights regarding the stipulation. As Frustagli acknowledges, he did not object to the circuit court's failure to conduct a colloquy regarding the stipulation and therefore the plain error standard applies. Frustagli should bear the burden of showing that he was prejudiced by the circuit court's failure to conduct the colloquy, in other words, that he would not have stipulated to the evidence had the required colloquy been conducted. See, State v. Morales, 157 P.3d 479, 482 (Ariz. 2007) United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004).

V.
The majority vacates Frustagli's conviction and remands the case for a new trial. For the reasons discussed, I would remand the case for an evidentiary hearing. Accordingly, I respectfully dissent.
NOTES
[1] The Honorable Dexter D. Del Rosario presided.
[2] The current version of HRS § 712-1243 has not changed since Frustagli allegedly committed the offense of Promoting a Dangerous Drug in the Third Degree.
[1] Murray was decided after the briefs in this appeal had been filed.
[2] An exception to this general rule is where the stipulation to the admission of evidence is tantamount to a guilty plea, in which case the trial court must engage in a personal colloquy with the defendant. State v. Jaorma, 660 A.2d 1131, 1133 (N.H. 1995); Commonwealth v. Bridell, 384 A.2d 942, 944 (Pa. Super. Ct. 1978); see also State v. Casey, 51 Haw. 99, 100-02, 451 P.2d 806, 808-09 (1969) (holding that the trial court could not accept defense counsel's stipulation to try a defendant based on evidence presented in a separate trial against defendant's husband without obtaining a waiver from the defendant).