**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000950
25-JUN-2020
09:52 AM**

NO. CAAP-18-0000950

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
RADCLIFF LESLIE, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(Case No. 1DTA-18-02472)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Chan and Hiraoka, JJ.)

Defendant-Appellant Radcliff Leslie (**Leslie**) was charged with Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**) in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1).[1] At trial, the State and Leslie's attorney stipulated that Honolulu Police Department (**HPD**) officer Sheldon Watts was qualified to administer the standard field sobriety test (**SFST**). Leslie was convicted. He appeals from the "Notice of Entry of Judgment and/or Order and Plea/Judgment" (**Judgment**), entered by the District Court of the First Circuit, Honolulu

---

[1] HRS § 291E-61 (Supp. 2017) provides, in relevant part:

(a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

Division, State of Hawaiʻi,[2] on November 21, 2018.  The only issue presented on appeal is whether the district court erred by failing to place Leslie's personal consent to the stipulation on the trial record.  We affirm the Judgment based on State v. Wilson, 144 Hawaiʻi 454, 445 P.3d 35 (2019).

Officer Watts testified that on July 11, 2018, at about 10:15 p.m., he was dispatched to investigate a vehicle stopped at the intersection of Queen Emma Street and Vineyard Boulevard.  He saw a black Toyota Tacoma pickup truck with the windows rolled down.  He stopped alongside the truck and observed it while the traffic signal lights cycled twice.  The engine was running.  The truck did not move.  Officer Watts looked inside the truck and saw Leslie asleep in the driver's seat.  He took three photographs of the truck in the roadway with Leslie asleep at the wheel.  Officer Watts placed the truck in park, woke Leslie, and asked if he was okay.  As they spoke, Officer Watts smelled a strong odor of alcohol on Leslie's breath, and saw that Leslie's eyes were red and watery.  Leslie produced his driver's license, vehicle registration, and insurance card, and agreed to take the SFST.

At that point, the deputy prosecuting attorney informed the district court of the parties' stipulation:

> So the stipulation would be that the officer, that Officer Watts is trained and qualified to administer and evaluate a standardized field sobriety test pursuant to Honolulu Police Department protocol and training and pursuant to the National High -- National Highway Traffic Safety Administration standards.
>
> And with that, the officer could testify to his observations and would not mention anything about nystagmus, actual nystagmus of the eyes during the Horizontal Gaze Nystagmus portion of the test or without mentioning actual clues or passing or failing.  So basically the observations during the field sobriety test.
>
> THE COURT:  [Defense Counsel].
>
> [DEFENSE COUNSEL]:  That's correct.

---

[2]     The Honorable Randal I. Shintani presided.

The district court then addressed Leslie:

> Okay.  Mr. Leslie, what a stipulation is from a legal standpoint is it's been offered to the court that Officer Watts is qualified and trained to administer and evaluate what is called the field sobriety test.
>
> His training was pursuant or via Honolulu Police Department protocol or training was well as the -- what they call NHTSA, National Highway Safety Transportation Agency [sic], in terms of what the training is required to administer as well as evaluate the field sobriety test.
>
> If the court accepts the stipulation, the court accepts as fact that in fact Officer Watts is properly trained pursuant to these training requirements of HPD as well as NHTSA to administer and evaluate what is called the field sobriety test.
>
> So I take it as a fact that is stipulated to.  Your attorney and the prosecutor would not be able to question the qualification of the officer if I accept the stipulation.
>
> There is also limitations as you heard.  Officer Watts would not be able to testify as to observing what they call nystagmus and/or to opine as to any clues pass or fail opinions.  He will only be able to testify as to what they call observations that he as a lay -- well, as he observed during the performance and evaluation of the field sobriety test.
>
> So do you understand what a stipulation is?
>
> [LESLIE]:  Yes, Your Honor.
>
> THE COURT:  Okay.  So your attorney has so stipulated. The prosecutor has so stipulated.  And so the court will accept the stipulation.

The district court did not ask Leslie on the record whether Leslie agreed to or approved the stipulation.  Leslie contends that constitutes plain error, relying on State v. Murray, 116 Hawaiʻi 3, 169 P.3d 955 (2007).  In Murray the supreme court held that "a knowing and voluntary waiver of a defendant's fundamental right must come directly from the defendant, and requires the court to engage in a colloquy with the defendant."  Id. at 11, 169 P.3d at 963 (citation omitted). The fundamental right at issue in Murray was the defendant's right to have the State prove every element of an offense to a

jury beyond a reasonable doubt.[3]  Other fundamental rights for which a colloquy with the defendant is required include the right to a jury trial, State v. Gomez-Lobato, 130 Hawai‘i 465, 312 P.3d 897 (2013); the right to confront witnesses, State v. Casey, 51 Haw. 99, 451 P.2d 806 (1969); the right to testify, Tachibana v. State, 79 Hawai‘i 226, 900 P.2d 1293 (1995); and the right to not testify, State v. Torres, 144 Hawai‘i 282, 439 P.3d 234 (2019).

In State v. Wilson, 144 Hawai‘i 454, 445 P.3d 35 (2019), however, the supreme court held that a colloquy was not required where the defendant's attorney stipulated to a police officer's qualifications to conduct an SFST:

> [T]he stipulation in this case did not establish facts satisfying any elements of the charged offense.  To convict Wilson of OVUII, the State was required to prove that she operated a vehicle "while under the influence of alcohol in an amount sufficient to impair her normal mental faculties or ability to care for herself and guard against casualty." HRS § 291E-61(a)(1).  Stipulating that the officer was "qualified and certified to conduct the SFST and that he received specialized training in administering and grading all of the SFSTs" is not in itself proof that Wilson was operating a vehicle or that she was impaired.  Thus, the stipulation in this case did not amount to a waiver of Wilson's fundamental right to have every element of a charged offense proven beyond a reasonable doubt.
>
> Neither did the stipulation significantly impinge on Wilson's confrontation rights.  Unlike the evidentiary stipulation at issue in Casey, the stipulation in this case did not serve as a substitute for evidence from which a factfinder could conclude that any element of the charged offenses was satisfied in whole or in part.  Instead, this stipulation was to an evidentiary foundation involving the qualifications of a witness.  Under the circumstances, we cannot say that the stipulation so infringed upon Wilson's right to confront Officer Hattori that a colloquy was required.

Id. at 464-65, 445 P.3d at 45-46 (cleaned up) (footnote omitted). In this case, as in Wilson, the district court was not required

---

[3]      The defendant in Murray was being prosecuted for Abuse of a Family or Household Member, as a class C felony, in violation of HRS § 709-906(1) and (7) (Supp. 2006).  In order to establish a class C felony, the State was required to prove that the defendant had at least two prior convictions for abuse of a family or household member, and the alleged offense occurred within two years of the second or prior conviction.  During the hearing on pretrial motions, defense counsel stipulated that the defendant had prior convictions within two years; defense counsel then argued that evidence of the prior convictions need not be presented to the jury because of the stipulation.

to have a colloquy with Leslie before accepting his stipulation to Officer Watts's qualifications to administer the SFST.

The "Notice of Entry of Judgment and/or Order and Plea/Judgment" entered by the district court on November 21, 2018, is affirmed.

DATED: Honolulu, Hawai‘i, June 25, 2020.

On the briefs:

Stephen K. Tsushima,                    /S/ Lisa M. Ginoza
for Plaintiff-Appellee.                 Chief Judge

Earle A. Partington,                    /s/ Derrick H.M. Chan
for Defendant-Appellant.                Associate Judge

                                        /s/ Keith K. Hiraoka
                                        Associate Judge