## IN THE MATTER OF THE PETITION OF RICHARD G. SCOTT, INVOKING SUPERVISORY POWER TO REMEDY MANIFEST INJUSTICE OF CONVICTION AND IMPRISONMENT.

### No. 4170.

DECEMBER 21, 1959.

TSUKIYAMA, C. J., MARUMOTO, CASSIDY, WIRTZ AND LEWIS, JJ.

*Per Curiam.* Richard G. Scott, petitioner, was convicted of robbery in the first degree in the circuit court of the first circuit, after a jury trial, at which he was defended by Patrick Tuohy, counsel assigned by the court, and was sentenced to imprisonment at hard labor in Oahu Prison for the maximum term of 50 years, subject to such minimum as might be fixed by the Board of Paroles and Pardons with the approval of the court. The sentence was

imposed on April 24, 1959. Subsequently, the board, with the approval of the court, fixed the minimum term at 8 years. When the jury returned its verdict, counsel noted an exception to the verdict as being contrary to the law and the evidence, but did not take an appeal. By an undated letter addressed to the presiding judge of the circuit court, petitioner moved *pro se* for leave to appeal *in forma pauperis*. The judge denied the leave by his letter dated August 3, 1959, in which he stated: "Replying to your undated letter requesting the appointment of counsel for the purposes of an appeal in your recent conviction in Criminal No. 30404, permit me to point out that this Court did appoint Mr. Patrick Tuohy as your counsel; that he did represent you in your trial, and ably so; that he, by virtue of that appointment, is the one to take an appeal; that Mr. Tuohy sees no possible ground for an appeal and proposes none, and finally, that I, as the Judge who presided over your trial, hereby certify that in my opinion any such appeal would be frivolous." The petitioner thereafter addressed a letter to the chief justice asking this court to grant him the relief that was denied him by the circuit court. In the letter to the chief justice, he stated: "Immediately after judgment and sentence, I instructed my court-appointed attorney to take an appeal and relied upon him to do so, but was prevented from personally taking any further proper steps to protect my right of appeal by reason of the issuance of mittimus forthwith upon sentence under which I was immediately imprisoned, and has ever since been incarcerated. I did not have a fair trial, had no proper assistance of counsel for my defense, and no assistance of counsel whatsoever for my appeal."

This case differs from the *Carvelo* case, reported on page 31, *ante,* in that there is a certification by the circuit court that an appeal in this case would be frivolous. However, the certification was made upon the petitioner's

informal letter to the presiding judge which simply stated: "Since my attorney did not make a motion for an appeal in my behalf, I, myself wish to make the motion to you your honor, and the court in my own behalf," and "It is my wish also to be appointed a competent attorney (on a paupers oath status) to represent me in my appeal to the Territorial Supreme court"; the certification was not made upon a formal application which set forth the reasons for the petitioner's belief that he was entitled to relief on appeal. The result of such informal procedure is that the petitioner is without "appropriate means * * * of making manifest the basis of his claim that the [circuit court] committed error in certifying that the desired appeal was not pursued in good faith," to which he is entitled under *Johnson* v. *United States,* 352 U.S. 565. Compliance with the procedure outlined in the *Carvelo* case will assure to the petitioner the assertion of his post-conviction rights set forth in *Johnson* v. *United States* and other recent decisions of the Supreme Court of the United States. Consequently, in order to afford the petitioner an opportunity to follow such procedure, we will, as we did in the *Carvelo* case, enter an order granting the petitioner leave:

1. To apply in the circuit court for leave to appeal *in forma pauperis,* within 15 days from the entry of the order or such further time as the circuit court may allow;

2. To appeal to this court, within 45 days from the denial by the circuit court of the application for leave to appeal *in forma pauperis,* if the circuit court takes such action; and

3. To appeal to this court, within 45 days from the entry of the judgment of the court reversing the denial of the application for leave to appeal *in forma pauperis,* if the circuit court denies the application and this court reverses such denial.

In his letters to the circuit judge and the chief justice,

the petitioner indicated his dissatisfaction with his trial counsel and requested the assignment of a "competent" counsel to represent him on appeal. The determination of the competency of assigned counsel rests solely with the court. In connection with the post-conviction proceedings which may be taken by the petitioner pursuant to the order of this court, we think that the petitioner's counsel at the trial should continue to provide the requisite assistance of counsel, for replacement of such counsel appears unnecessary in the light of the circuit judge's prior statement that such counsel represented the petitioner ably at the trial.

The following statement in *Dorsey* v. *Gill*, 148 F. 2d 857, 876, cert. denied 325 U.S. 890, a habeas corpus proceeding predicated on alleged misrepresentation by assigned counsel, is pertinent here: "Everyone who is acquainted with the realities of practice knows the desire of some convicted persons to have their cases tried over again and their frequent repudiation of counsel after their hopes for acquittal or for lenient punishment have failed to materialize. It is easy for such a person to rationalize his own wishful thinking—together with hopeful comments of counsel—into a structure of promises, coercion and trickery; to assume incompetency and disinterest or worse, upon the part of counsel. But mere general assertions of incompetency or disinterest do not constitute a prima facie showing required by the statute to support a petition for habeas corpus. District attorneys and assigned counsel are officers of the court; licensed to practice, upon proof of character and fitness to perform professional duties. There is a presumption of proper performance of duty by each of them, which requires much more than the allegations of the present case to set the procedure of habeas corpus in motion."

*Richard G. Scott,* petitioner *pro se.*