STATE OF HAWAII, Plaintiff-Appellee,
*v.* HENRY KANE, Defendant-Appellant.

No. 4967.

JANUARY 6, 1971.

RICHARDSON, C.J., MARUMOTO, ABE,
LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY LEVINSON, J.

This appeal involves the constitutionality of a denial by the trial court of a hearing on the defendant's objec-

tions to appointed counsel. The defendant in this case was indicted by the grand jury on January 20, 1970. He was charged with the offenses of escape and malicious conversion in violation of HRS §§ 740-1 and 752-1, respectively. On January 23, 1970, Donald H. C. Low was appointed counsel for the defendant by the First Circuit Court, replacing the previously appointed counsel, Kenneth E. Young. On February 11, 1970 the defendant went to trial on the above charges.

At the outset of the trial Mr. Low moved for permission to withdraw as counsel on the ground that the defendant had informed Mr. Low that the defendant no longer desired him as his attorney. The court refused this request without a hearing. Shortly thereafter, counsel renewed his motion which was again denied. At this point the defendant personally attempted to address his objections to the court but was ordered to sit down.[1] The trial then proceeded with appointed counsel representing the defendant throughout. The trial lasted one day and the defendant was found guilty of both charges; he was sentenced to two consecutive five-year prison terms.

The defendant appeals from this conviction alleging that the trial court's denial of a hearing on his objections to appointed counsel constitutionally prejudiced his right

---

[1] The record indicates that the following exchange took place between the court and the defendant:

"THE DEFENDANT: I don't want this lawyer.

THE COURT: I don't care what you want.

THE DEFENDANT: I don't want him.

THE COURT: Sit down.

THE DEFENDANT: I don't want this lawyer.

THE COURT: It has already been taken care of.

THE DEFENDANT: I don't want this lawyer. I don't want to go on with this case if you guys can't change my lawyer.

THE COURT: Sit down, please."

to effective representation, guaranteed under the sixth and fourteenth amendments to the United States Constitution.[2] We concur in this view.

## I. THE CONSTITUTIONAL GUARANTEE OF THE EFFECTIVE ASSISTANCE OF COUNSEL.

In our system of law one of the most fundamental rights guaranteed to an individual charged with crime is the right to have the assistance of counsel for his defense. The sixth amendment to the United States Constitution and article I, section 11 of the Hawaii Constitution expressly so provide. In addition, the Supreme Court has held this right to be an essential requirement of due process, thereby obligating the State to provide counsel for indigent defendants, at government expense if necessary. *Gideon* v. *Wainwright,* 372 U.S. 335 (1963).[3]

Furthermore, the guarantee of assistance of counsel will not be satisfied by the mere formal appointment of an attorney. As the Supreme Court stated in *Powell* v. *Alabama,* 287 U.S. 45, 71 (1932), the trial court's duty to appoint counsel "is not discharged by an assignment at such time. or under such circumstances as to preclude the giving of effective aid in the preparation and trial of the case." Thus the representation afforded a defendant must be one of substance not form. The right to the assistance of counsel must not be an illusory guarantee.

---

[2] This right is also secured by article I, section 11 of the Hawaii Constitution.

[3] This duty is expressly affirmed in article I, section 11 of the State Constitution which declares: "The State shall provide counsel for an indigent defendant charged with an offense punishable by imprisonment for more than sixty days."

 

## II. THE NECESSITY FOR A HEARING ON THE DEFENDANT'S OBJECTIONS TO COUNSEL IN ORDER TO PROTECT THE CONSTITUTIONAL GUARANTEE OF EFFECTIVE REPRESENTATION.

The defendant's right to the effective representation of counsel necessarily imposes upon the trial judge a corollary duty to protect that right whenever its enjoyment appears to be in doubt. "Upon the trial judge rests the duty of seeing that the trial is conducted with solicitude for the essential rights of the accused." *Glasser* v. *United States*, 315 U.S. 60, 71 (1942); *see also Von Moltke* v. *Gillies*, 332 U.S. 708, 722 (1948). This duty of the trial judge has been given concrete form in *State* v. *Casey*, 51 Haw. 99, 100, 451 P.2d 806, 808 (1969), a case involving the question of an accused's waiver of a constitutional right. In that case we held that the trial court must conduct a "penetrating and comprehensive examination" into the defendant's understanding of the nature of his action and that this examination must appear on the record. We believe that a similar duty of investigation is required when the constitutional issue of effective assistance of counsel is raised.

Without an evidentiary hearing by the trial court, which establishes on the record the defendant's objections to assigned counsel, it is impossible for a reviewing court to determine whether a claim of inadequate representation is justified. *See In re Scott,* 44 Haw. 52, 54, 352 P.2d 629, 631 (1959). This is because the defendant's objections may be based upon allegations of counsel's lack of diligent investigation into possible defenses, in the critical pre-trial stage.[4] The prejudice to the defendant's case which results

---

[4] Diligent investigation by an attorney during this stage of the proceedings is often the key to the preparation of an effective defense. *See* Von Moltke v. Gillies, 332 U.S. 708, 721 (1948); Coles v. Peyton. 389 F.2d 224, 226 (4th cir. 1968) *cert. denied,* 393 U.S. 849 (1968); Note, *Effective Assistance of Counsel for the Indigent Defendant,* 78 Harv. L. Rev. 1434, 1438 (1965).

from a failure to investigate into possible defenses will not be apparent from a reading of the trial record alone. In the absence of a hearing on the matter it is impossible to ascertain what evidence should have been introduced into the record but was not. A hearing is essential in order to make a proper determination of the effectiveness of defense counsel's assistance.

In the case at hand, however, the trial court did not attempt to investigate the merits, if any, of the defendant's objection to counsel. Instead of jealously guarding the defendant's right to effective representation, by holding an evidentiary hearing on the grounds for his objection, the trial judge peremptorily refused to discuss the matter. It is true that the defendant might have failed to make good his objection if he were afforded a hearing. But the question now before us is, must he fail without an opportunity to be heard? We hold that he must not. Procedural due process requires (1) that a defendant have an opportunity to state on the record the basis for his objections to appointed counsel and (2) that a determination be made by the trial court as to the merits of these objections.

## III. THE PROPER DISPOSITION OF THIS CASE.

Having determined that the defendant was unconstitutionally denied a fair hearing on his objections to counsel, we now turn to consideration of the proper disposition of this case. We do not believe that the error below automatically requires a new trial. The defendant complains that he was denied a hearing on his objections, and we hold that he must be given one. The outcome of such hearing should determine whether the further remedy of a new trial is necessary. This procedure was adopted by the Supreme Court in *Jackson* v. *Denno,* 378 U.S. 368 (1964), in a case involving the denial of a judicial hearing on the voluntariness of a confession. The present situ-

ation is analogous. We believe the most satisfactory disposition of this case will be achieved by following the procedures set forth by the Supreme Court in *Jackson, supra* at 394.

> [I]f at the conclusion of such an evidentiary hearing in the state court on the coercion issue, it is determined that Jackson's confession was voluntarily given, admissible in evidence, and properly to be considered by the jury, we see no constitutional necessity at that point for proceeding with a new trial, for Jackson has already been tried by a jury with the confession before it and has been found guilty. . . . Of course, if the state court, at an evidentiary hearing, redetermines the facts and decides that Jackson's confession was involuntary, there must be a new trial on guilt or innocence without the confession's being admitted in evidence.[5]

The defendant is constitutionally entitled to a hearing on his objections to appointed counsel. We remand the case to the circuit court for an investigation, to be put on the record, of the defendant's claim of ineffective representation. If the claim proves to be without merit that court may re-enter the judgment. If the claim is meritorious there should be a new trial.

Remanded for additional proceedings consistent with this opinion.

*Thomas P. Huber* (*Cades, Schutte, Fleming & Wright* of counsel) for defendant-appellant.

*Lloyd L. Ching,* Deputy Prosecuting Attorney (*Barry Chung,* Prosecuting Attorney, City & County of Honolulu, of counsel) for plaintiff-appellee.

---

[5] See the following cases for additional illustrations of the use of a hearing on remand to determine the necessity for further relief: Giordano v. United States, 394 U.S. 310 (1969) (remand to the district court for a hearing to determine the legality of electronic surveillance) ; Velarde-Villarreal v. United States, 354 F.2d 9 (9th cir. 1965) (hearing to determine if the government was genuinely unable through reasonable efforts to produce an informer) ; State v. Deal, 17 Ohio St. 2d 17, 244 N.E.2d 742 (1969) (remanded for hearing to determine the merits of appellant's claim of incompetent counsel).