STATE OF HAWAII, Plaintiff-Appellee, *v.* JERRY L. REIS, Defendant-Appellant

NO. 8799

(CRIMINAL NO. 2372)

JUNE 28, 1983

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY HEEN, J.

Appellant Jerry Lowell Reis (Reis) appeals from his conviction for the offense of Attempted Murder in violation of Hawaii Revised Statutes (HRS) §§ 705-500 and 707-701.[1] Reis

---

[1] HRS § 705-500 (1976) provides:
    Criminal attempt. (1) A person is guilty of an attempt to commit a crime if he:
    (a) Intentionally engages in conduct which would constitute the crime if the attendant circumstances were as he believes them to be; or
    (b) Intentionally engages in conduct which, under the circumstances as he believes them to be, constitutes a substantial step in a course of conduct intended to culminate in his commission of the crime.

raises the following points on appeal: 1) he was deprived of his constitutional right to effective assistance of counsel because, unknown to him, his attorney had prior and current professional relationships with certain prosecution witnesses; 2) the trial court erred in admitting into evidence a photograph of the scene of the offense; 3) it was plain error for the trial court to fail to instruct the jury on lesser-included offenses; and 4) the trial court erred in denying his motion for judgment of acquittal. We find that Reis was denied his right to effective assistance of counsel and reverse his conviction. Consequently, we do not consider Reis' other points.

On the afternoon of May 18, 1981, after consuming a considerable amount of wine, Reis and his friend, Calvin Ebinger (Ebinger) drove in Ebinger's car from Reis' home in Kapaa to Moloaa on the island of Kauai. Reis had a pistol with him and along the way both Ebinger and Reis began shooting at random targets beside the road.

During their return trip, while traveling through Keapaua, Reis stuck his pistol out of the window and fired three shots. Reis testified that he was merely clearing his pistol of any live rounds and shot randomly ahead of the car without even looking at where he was pointing the pistol.

Two of the three bullets hit the wall of the house of Floro Villabrille, Sr. (Villabrille, Sr.). The third struck the shoulder of Wakaichi Kondo who was sitting on a stool in the residence.

On September 17, 1981, the Kauai Grand Jury indicted Reis for attempted murder. Reis was represented by Clinton

---

(2) When causing a particular result is an element of the crime, a person is guilty of an attempt to commit the crime if, acting with the state of mind required to establish liability with respect to the attendant circumstances specified in the definition of the crime, he intentionally engages in conduct which is a substantial step in a course of conduct intended or known to cause such a result.

(3) Conduct shall not be considered a substantial step under this section unless it is strongly corroborative of the defendant's criminal intent.

HRS § 707-701 (1976) provides:

Murder. (1) Except as provided in section 707-702, a person commits the offense of murder if he intentionally or knowingly causes the death of another person.

(2) Murder is a class A felony for which the defendant shall be sentenced to imprisonment as provided in section 706-606.

Shiraishi (Shiraishi) and his associate, Calvin Murashige.

At trial, Villabrille, Sr., testified for the prosecution. At the close of the State's case-in-chief, Reis' motion for judgment of acquittal was denied. Reis presented evidence and testified himself. He then moved once more for judgment of acquittal and the court again denied the motion. The State then called Floro Villabrille, Jr., (Villabrille, Jr.) as a rebuttal witness in an attempt to provide a motive for the shooting.

On March 23, 1981 the jury found Reis guilty as charged. Reis filed a motion for judgment of acquittal on March 24, 1981 and a motion for a new trial on March 25, 1981.

Before the hearing on his motions, Reis learned that Shiraishi had previously represented Villabrille, Sr., professionally. He confronted Shiraishi and informed him that he was going to retain other counsel.

Reis hired attorney Brook Hart (Hart) prior to the hearing. However, Hart, with Shiraishi's and Reis' consent, decided to let Shiraishi argue the motion for judgment of acquittal, since he was familiar with the trial. Hart argued for a new trial on the basis of Shiraishi's conflict of interest. The court rendered findings of fact and conclusions of law and held that Reis had failed to prove any conflict of interest or show specific prejudice and consequently had failed to establish his allegation of ineffective assistance of counsel. In a separate order, the court denied both motions. On July 13, 1982, Reis was sentenced to the mandatory term of life imprisonment, and this timely appeal followed.

The sixth amendment of the United States Constitution guarantees a defendant in a criminal action the right to effective assistance of counsel and the amendment is applicable to state proceedings under the fourteenth amendment.[2] *State v. Kane,* 52 Haw. 484, 479 P.2d 207 (1971); *Castillo v. Estelle,* 504 F.2d 1243 (5th Cir. 1974). Effectiveness is not judged by professional competence alone and may in fact be attenuated by circumstances of dual representation. *United States v. Jeffers,*

---

[2] This right is also secured by article I, section 14 (formerly § 11) of the Hawaii State Constitution.

520 F.2d 1256 (7th Cir. 1975), *cert. denied,* 423 U.S. 1066, 96 S. Ct. 805, 46 L.Ed.2d 656 (1976); *Castillo v. Estelle, supra.* As the court in *Porter v. United States,* 298 F.2d 461 (5th Cir. 1962), stated:

> * * * The Constitution assures a defendant effective representation by counsel whether the attorney is one of his choosing or court-appointed. Such representation is lacking, however, if counsel, unknown to the accused and without his knowledgeable assent, is in a duplicitous position where his full talents — as a vigorous advocate having the single aim of acquittal by all means fair and honorable — are hobbled or fettered or restrained by commitments to others. [Citations omitted.]

*Id.* 298 F.2d at 463. The fact that an attorney was appointed or retained does not mitigate the requirement that representation be conflict free. *United States v. Martinez,* 630 F.2d 361 (5th Cir. 1980), *cert. denied,* 450 U.S. 922, 101 S. Ct. 1373, 67 L.Ed.2d 351 (1981); *United States v. LaVallee,* 282 F. Supp. 968 (E.D.N.Y. 1968); *Porter v. United States, supra.*

A complaint of ineffective assistance of counsel based upon a conflict of interest generally arises from two situations. The first occurs where there is joint representation of co-defendants by one attorney or by members of the same firm. In such case, a defendant need only make a slight showing of actual prejudice in order to establish ineffective counsel. *United States v. Di Carlo,* 575 F.2d 952 (1st Cir.), *cert. denied,* 439 U.S. 834, 99 S. Ct. 115, 58 L.Ed.2d 129 (1978). This is because the attorney involved in joint representation is particularly susceptible to disabling conflicts. *Id.*

The second, as in the case at bar, arises when there is dual representation, i.e., where an attorney represents or formerly represented a hostile party or a witness. Dual representation does not present the same degree of risk as joint representation and, accordingly, the defendant must show either a real conflict of interest or a specific instance of prejudice before the right of effective assistance of counsel is deemed denied.[3] *Id.*

---

[3] Where a defendant alleges he was denied the effective assistance of counsel but does not allege a conflict of interest, the defendant must show that he was prejudiced by

*Cf. United States v. Martinez, supra; Castillo v. Estelle, supra; Perez v. Metz,* 459 F. Supp. 1131 (S.D.N.Y. 1977).

The issue of dual representation is further broken down into concurrent and prior representation. Concurrent representation involves ongoing representation by the defendant's attorney of a prosecution witness or hostile party, while prior representation involves only a previous representation of the witness or hostile party. *United States v. Martinez, supra.*

Concurrent representation of the defendant and an adverse witness or a hostile party places the attorney in a situation where he is forced to balance the zeal of his defense of the accused against any solicitude for his client, the witness or hostile party. This situation is deemed inherently conducive to divided loyalties and, therefore, as a matter of law, a real conflict of interest is said to exist. *Castillo v. Estelle, supra. Cf. Stephens v. United States,* 595 F.2d 1066 (5th Cir. 1979); *Zuck v. Alabama,* 588 F.2d 436 (5th Cir.), *cert. denied,* 444 U.S. 833, 100 S. Ct. 63, 62 L.Ed.2d 42 (1979); *United States v. Jeffers, supra; United States v. LaVallee, supra.* If the defendant has not acquiesced in a representation involving a real or actual conflict, a mistrial or a new trial will be ordered depending on whether a verdict has been rendered. *United States v. Jeffers, supra.*

Where the conflict of interest is based upon defense counsel's prior representation of a witness or hostile party, the courts have examined two factors relating to effective cross-examination in determining whether the attorney's undivided loyalties reside with his current client. *United States v. Jeffers, supra.* The first involves the attorney's pecuniary interest in possible future business from the witness which causes the attorney to avoid vigorous cross-examination that may be embarrassing or offensive to the witness. *Id.* The second involves the failure to use privileged information obtained from the witness for impeachment purposes or for thorough

---

counsel's conduct by pointing to specific instances of errors or omissions. *Stough v. State,* 62 Haw. 620, 618 P.2d 301 (1980).

cross-examination because of the attorney's fear of misusing confidential information. *Id.* Both factors should be closely examined by the courts in order to determine where the attorney's loyalty lies.

A defendant may, of course, waive his right to effective assistance of counsel. However, defendant must have knowledge of the conflict of interest and must knowingly and intelligently waive that right. *United States v. Martinez, supra.* Reis had no knowledge of Shiraishi's conflict of interest and did not waive his sixth amendment rights.[4]

In the instant case, the record indicates that both a prior and a concurrent legal relationship existed between Shiraishi and both Villabrilles. Shiraishi had been Villabrille, Sr.'s attorney for approximately 15 years. Shiraishi's firm had incorporated and at the time of trial was advising a family business of which Villabrille, Jr., was a stockholder and an officer. Because there was concurrent representation by Shiraishi and his firm of the defendant and two important prosecution witnesses, we find as a matter of law that there was an actual or real conflict of interest and a denial of Reis' constitutional right of effective assistance of counsel.

Also, we think it is clear that Shiraishi had a pecuniary interest in the possibility of future business with the Villabrilles which might have caused him to avoid vigorous cross-examination. Moreover, Shiraishi testified that when he saw that Villabrille, Jr., was going to be a witness, Shiraishi became concerned because he had certain information regarding the

---

[4] We note that DR 5-105(C) of the Code of Professional Responsibility requires that an attorney seeking to represent multiple clients be able to adequately represent the interests of each and do so only upon consent of all parties after he has fully disclosed all possible effects of his representation on the exercise of his independent professional judgment on behalf of each party. DR 5-105(A) and (B) require an attorney to decline proffered employment or discontinue multiple employment if his independent professional judgment on behalf of a client would likely to be adversely affected by the proffered employment or continued representation. Shiraishi should have at least fully disclosed to Reis his relationship with the Villabrilles once he discovered that they were potential witnesses. *See also* Cannon 9, Code of Professional Responsibility, which states that a lawyer should avoid even the appearance of professional impropriety.

relationship between Villabrille, Jr., and Reis which could have been "upsetting" to Reis. Therefore, the test under prior representation also shows a conflict of interest.

Reversed and remanded for a new trial.

*Brook Hart (Peter C. Wolff, Jr.,* with him on the briefs; *Hart and Wolff* of counsel) for defendant-appellant.

*Wayne Shimizu,* Deputy Prosecuting Attorney, County of Kauai, *(Lorna A. Nishimitsu,* Deputy Prosecuting Attorney, on the brief) for plaintiff-appellee.