**FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000415
28-APR-2023
07:56 AM
Dkt. 71 OP**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

---o0o---

IN THE INTEREST OF I CHILDREN

NO. CAAP-22-0000415

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NO. 21-00150)

AND

IN THE INTEREST OF I CHILDREN

NO. CAAP-22-0000416

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NO. 21-00152)

APRIL 28, 2023

GINOZA, C.J., AND HIRAOKA AND WADSWORTH, JJ.

OPINION OF THE COURT BY WADSWORTH, J.

In these consolidated appeals, Appellant Father
(**Father**) appeals from two sets of orders entered successively by
the Family Court of the First Circuit (**Family Court**)[1] in two
related cases which, together, awarded Petitioner-Appellee
Department of Human Services (**DHS**) foster custody of OI, SI1,
SI2, NI, and JI (the **Children**). Specifically, Father appeals
from: (1) the June 29, 2022 Orders Concerning Child Protective

---

[1] The Honorable Jessi L. Hall presided.

Act as to OI, SI1, and SI2, entered in FC-S No. 21-00150; and (2) the June 29, 2022 Orders Concerning Child Protective Act as to NI and JI, entered in FC-S No. 21-00152 (collectively, the **Orders**). On August 4, 2022, the Family Court entered separate Findings of Fact and Conclusions of Law in the two cases.

Father raises the same point of error in each appeal, which we construe as asserting that his trial counsel, Jacob G. Delaplane (**Delaplane**), provided ineffective assistance of counsel, and the Family Court thus abused its discretion in denying Father's request for new counsel and in entering the Orders. Relatedly, Father challenges findings of fact (**FOFs**) 13 and 28 in FC-S No. 21-00150 and FOFs 9 and 29 in FC-S No. 21-00152.[2]

In light of Father's contentions and the relevant case law, we ordered the parties to file supplemental briefs addressing, among other issues, whether the Family Court was required by due process to conduct an examination of Father on the record to determine the basis for his request for new counsel. In response, both Father and DHS agreed that the Family Court was required to conduct such an examination, and in not doing so, the Family Court failed to comply with the requirements of due process.

---

[2] Father's "points of error" do not comply with Rules Expediting Child Protective Appeals (**RECPA**) Rule 11(a)(3) and (4). In particular, Father's abbreviated opening briefs summarily list the following FOFs and conclusions of law (**COLs**) as "points of error" but present no discernible argument as to why the FOFs are clearly erroneous or the COLs are wrong: FOFs 15, 16, 19, 20, 21, 22, 30, 60, 61, 62, 63, 64, 65, 68, 69, 73, 74, 76, 81, 82, 83, 84, 85, 86, 87, and COLs 7, 9, and 10 in FC-S No. 21-00150, and FOFs 15, 16, 19, 20, 21, 22, 28, 31, 53, 54, 55, 56, 57, 66, 67, 69, 78, 79, 80, 81, 82, 83, 84, and COLs 7, 8, 9 and 11 in FC-S No. 21-00152. This court is "not obliged to address matters for which the appellants have failed to present discernible arguments." Hussey v. Say, 139 Hawaiʻi 181, 191, 384 P.3d 1282, 1292 (2016) (quoting Exotics Hawaiʻi-Kona, Inc. V. E.I. DuPont De NeMours & Co., 116 Hawaiʻi 277, 288, 172 P.3d 1021, 1032 (2007)); see HRAP Rule 28(b)(7).

In contrast, Father presents at least abbreviated arguments regarding FOFs 13 and 28 in FC-S No. 21-00150 and FOFs 9 and 29 in FC-S No. 21-00152. We thus address those arguments to the extent discernible. See Morgan v. Planning Dep't, Cnty. of Kauai, 104 Hawaiʻi 173, 180-81, 86 P.3d 982, 989-90 (2004) ("This court . . . has consistently adhered to the policy of affording litigants the opportunity 'to have their cases heard on the merits, where possible.'" (quoting O'Connor v. Diocese of Honolulu, 77 Hawaiʻi 383, 386, 885 P.2d 361, 364 (1994))).

We hold that in the circumstances of this case, the Family Court was required by due process to conduct a "penetrating and comprehensive examination" of Father on the record to determine the basis for his request for new counsel. State v. Soares, 81 Hawaiʻi 332, 355, 916 P.2d 1233, 1256 (App. 1996) (quoting State v. Kane, 52 Haw. 484, 487–88, 479 P.2d 207, 209 (1971)). Because the required examination did not occur, we remand these cases to the Family Court for a hearing on the basis of Father's request for new counsel and a determination as to whether Father's claim of ineffective assistance of counsel has merit. The outcome of this hearing should determine whether the further remedy of a new trial is necessary. See Kane, 52 Haw. at 488, 479 P.2d at 210.

**I.**

On September 10 and 14, 2021, DHS filed petitions for temporary foster custody of the Children (**Petitions**) based on SI1's allegations of sexual abuse by Father.

On September 15 and 17, 2021, the Family Court appointed Delaplane as counsel for Father in FC-S Nos. 21-00150 and -00152, respectively.

On June 13, 2022, the Family Court held a contested return hearing on the Petitions. DHS called one witness, social worker Lavina Forvilly (**Forvilly**), whom the Family Court deemed "an expert with regards to sex abuse in child welfare cases . . . ." Forvilly testified on direct examination and then on cross examination by Father and SJ, the Children's natural and legal mother.

At the beginning of DHS's re-direct examination of Forvilly, Father indicated that he wanted to speak with Delaplane. The Family Court recessed to allow Father and Delaplane to speak. When the Family Court reconvened, Delaplane stated:

> MR. DELAPLANE: Your Honor, . . . before Mr. Shimamoto continues with his questions, my client has indicated that he would like a new attorney.
>
> THE COURT: We've already started trial. We are going to continue with Mr. Delaplane through this trial, and

3

> we will provide you with a new attorney after the trial.
>
> MR. DELAPLANE: Okay. He did request that I ask that he be allowed to address the Court directly.
>
> THE COURT: If you wish to do so, we can do so after the questioning of this witness is done.

DHS then asked Forvilly to clarify certain statements made during cross-examination, after which there were no further questions.

SJ called no witnesses and elected not to testify.

With respect to Father, the following exchange occurred:

> THE COURT: . . . .
>
> Mr. Delaplane, did you have any witnesses? I know [Father] was just to make a statement. And we'll allow that in a second.
>
> MR. DELAPLANE: I don't know the nature of the statement that [Father] wants to make to the Court. I did have discussions with him about testifying and his right to either testify or not testify. And at this point, again, because he's asked for new counsel, I'll say based on those discussions, I don't feel comfortable representing whether he wishes to testify or not.
>
> THE COURT: So [Father], I understand you wish to make a statement. Is that correct?
>
> [FATHER]: Yes.

The Family Court then informed Father that the other attorneys would be allowed to question him after his statement and that anything he said could be used against him in a criminal case. Father said he understood, and the Family Court swore him in. At no point did the Family Court question Father on the record as to the basis for his request for new counsel.

In his statement, Father recounted how the Children were removed from home and school; expressed confusion as to why the boys were removed "[i]f . . . they think I sexually abused [SI1], or if they want to protect the girls"; and clarified that Child Protective Services, not the police, picked-up the Children. Father did not state why he wanted new counsel and received no questions from any counsel.

After Father's statement, the Family Court indicated it was ready to rule on the Petitions. The following exchange then occurred:

4

> THE COURT: Mr. Delaplane, anything further?
>
> MR. DELAPLANE: Just to reiterate my prior statement that my client asked for new counsel, and part of our request was so that new counsel could present evidence refuting the State's allegations.
>
> THE COURT: I understand that, Mr. Delaplane. But the Court has heard enough evidence in this matter to render its decision.

The court then stated its findings and rendered its decision, awarding foster custody of the Children to DHS. The court further stated: "At the end of today's proceedings, I will discharge Mr. Delaplane. And I have my court officer already working on getting you a new attorney, [Father]."

On June 20, 2022, the Family Court appointed Tae Chin Kim (**Kim**) as Father's counsel. On June 27, 2022, Father filed a motion for new trial in FC-S Nos. 21-00150 and -00152, "on the basis that . . . [Delaplane] was ineffective, and did not allow Father to 'defend' himself."

On June 28, 2022, Father filed the notices of appeal initiating these appeals.[3/]

**II.**

"Generally, the family court possesses wide discretion in making its decisions and those decisions will not be set aside unless there is a manifest abuse of discretion." In re Doe, 95 Hawai'i 183, 189, 20 P.3d 616, 622 (2001) (quoting In re Jane Doe, Born on May 22, 1976, 84 Hawai'i 41, 46, 928 P.2d 883, 888 (19956)) (internal quotation marks omitted).

We review Father's challenges to the Family Court's FOFs for clear error. Id. at 190, 20 P.3d at 623.

> A FOF "is clearly erroneous when (1) the record lacks substantial evidence to support the finding, or (2) despite substantial evidence in support of the finding, the appellate court is nonetheless left with a definite and firm conviction that a mistake has been made." "'Substantial

---

[3/]    It appears that no order deciding the motion for new trial was filed by the Family Court within 30 days after the motion was filed. Pursuant to RECPA Rule 5, the motion for new trial was thus deemed denied on the 30th day, *i.e.*, July 27, 2022, and the time from which to file an appeal in each case commenced on that day. Father's premature notices of appeal are deemed timely under HRAP Rule 4(a)(2) and RECPA Rules 1 and 3.

> evidence' is credible evidence which is of sufficient
> quality and probative value to enable a person of reasonable
> caution to support a conclusion."

Id. (citations and ellipsis omitted).  We likewise review mixed findings of fact and conclusions of law under the clearly erroneous standard.  See In re JM, 150 Hawaiʻi 125, 137, 497 P.3d 140, 152 (App. 2021).

"We answer questions of constitutional law by exercising our own independent constitutional judgment based on the facts of the case.  Thus, we review questions of constitutional law under the right/wrong standard." Id. (quoting State v. Ui, 142 Hawaiʻi 287, 292, 418 P. 3d 628, 633 (2018)).

## III.

Father contends that Delaplane provided ineffective assistance of counsel, and the Family Court thus abused its discretion in denying Father's request for new counsel and in entering the Orders.  Relatedly, Father argues that "in failing to grant his request for new trial counsel, the [Family Court] has violated [Father's] right to effective counsel, and his due process rights."

In State v. Soares, this court stated:

> [W]hen an indigent defendant requests that his or her
> appointed counsel be replaced, the trial court has a duty to
> conduct a "penetrating and comprehensive examination" of the
> defendant on the record, in order to ascertain the bases for
> the defendant's request.  State v. Kane, 52 Haw. 484,
> 487–88, 479 P.2d 207, 209 (1971)).  This inquiry is
> necessary to protect "the defendant's right to effective
> representation of counsel," id., and must be sufficient to
> enable the court to determine if there is good cause to
> warrant substitution of counsel.  Brown v. Craven, 424 F.2d
> 1166, 1169–70 (9th Cir. 1970); People v. Marsden, 2 Cal.3d
> 118, 84 Cal. Rptr. 156, 159–160, 465 P.2d 44, 47–48 (1970);
> People v. Arguello, 772 P.2d 87, 94 (Colo. 1989); State v.
> Bronson, 122 Or. App. 493, 858 P.2d 467, 469 (1993).

81 Hawaiʻi at 355, 916 P.2d at 1256 (brackets omitted), overruled on other grounds by State v. Janto, 92 Hawaiʻi 19, 986 P.2d 306 (1999); see Kane, 52 Haw. at 487, 479 P.2d at 210 (holding that the defendant was constitutionally entitled to a hearing on his objections to appointed counsel); see also State v. Harter, 134 Hawaiʻi 308, 323, 328-29, 340 P.3d 440, 455, 460-61 (2014) (quoting and applying Soares).

Kane, Soares, and Harter are criminal cases. However, "in light of the constitutionally protected liberty interest at stake in a termination of parental rights [(**TPR**)] proceeding, . . . indigent parents are guaranteed the right to court-appointed counsel in termination proceedings under the due process clause in article I, section 5 of the Hawaiʻi Constitution." In re T.M., 131 Hawaiʻi 419, 436, 319 P.3d 338, 355 (2014) (footnote omitted). In addition, "the right to counsel in termination of parental rights cases, where applicable, includes the right to effective counsel." In re RGB, 123 Hawaiʻi 1, 25, 229 P.3d 1066, 1090 (2010) (construing federal constitution).

Here, it is undisputed that Father had a due-process right to court-appointed counsel, including a right to effective counsel, when DHS filed the Petitions for temporary foster custody of the Children. See In re L.I., 149 Hawaiʻi 118, 122, 482 P.3d 1079, 1083 (2021); In re RGB, 123 Hawaiʻi at 25, 229 P.3d at 1090. It is also undisputed that during trial, Father requested new counsel. Accordingly, we ordered the parties to file supplemental briefs addressing:

> (1) whether the Family Court was required by due process to conduct an examination of Father on the record, in order to ascertain the basis for his request for new counsel; (2) whether, absent a hearing on the basis for Father's objections to his appointed counsel, the Family Court complied with the requirements of due process in considering Father's request for new counsel; and (3) whether, in the event a due process violation is found, these cases should be remanded to the Family Court for a hearing, to be put on the record, of Father's claim of ineffective assistance of counsel. See Kane, 52 Haw. at 487, 479 P.2d at 210.

In responding to our order for supplemental briefing, both Father and DHS agree that the Family Court was required by due process to conduct an examination of Father on the record to determine the basis for his request for new counsel, and in not doing so, the Family Court failed to comply with the requirements of due process. In addressing the appropriate remedy for this failure, DHS contends that, consistent with the result in Kane, these cases should be remanded to the Family Court for a hearing to put on the record Father's reason for requesting new counsel. Father, on the other hand, argues that these cases should be

7

remanded to the Family Court for a hearing not only to put on the record Father's claim of ineffective assistance of trial counsel, but also to retry the case.

We agree that in the circumstances of this case, the Family Court was required by due process to conduct a "penetrating and comprehensive examination" of Father on the record to determine the basis for his request for new counsel. Soares, 81 Hawaiʻi at 355, 916 P.2d at 1256 (quoting Kane, 52 Haw. at 487–88, 479 P.2d at 209). In Kane, the Hawaii Supreme Court held that when an indigent defendant requests that appointed counsel be replaced, due process requires that: (1) the defendant "have an opportunity to state on the record the basis for his objections to appointed counsel"; and (2) "a determination be made by the trial court as to the merits of these objections." 52 Haw. at 488, 479 P.2d at 210. A "penetrating and comprehensive examination" of the defendant by the trial court is necessary to protect the defendant's right to effective representation of counsel, and must be sufficient to enable the court to determine if there is "good cause" to warrant new counsel. Id. at 487–88, 479 P.2d at 209; Soares, 81 Hawaiʻi at 355, 916 P.2d at 1256. Further, absent a hearing on the basis for the defendant's objections to their appointed counsel, "it is impossible for a reviewing court to determine whether a claim of inadequate representation is justified." Kane, 52 Haw. at 487, 479 P.2d at 209; see Soares, 81 Hawaiʻi at 356, 916 P.2d at 1257 (because the trial court failed to conduct the hearing required by Kane, "this court is unable to evaluate the merits of Defendant's claim that his constitutional right to effective assistance of counsel was prejudiced when the trial court denied his request for substitute counsel").

Although Father is not a criminal defendant in this matter, as an indigent parent in TPR proceedings, he has a constitutionally guaranteed right to court-appointed counsel, including the right to effective counsel. See In re T.M., 131 Hawaiʻi at 436, 319 P.3d at 355; In re RGB, 123 Hawaiʻi at 25, 229 P.3d at 1090. The supreme court has explained:

8

> Inherent in the substantive liberty interest that parents have in the care, custody, and control of their children under the Hawaiʻi Constitution is the right to counsel to prevent erroneous deprivation of their parental interests. As Justice Stevens asserted in Lassiter[ v. Dep't of Social Services], the State's decision to deprive a parent of his or her child is often "more grievous" than the State's decision to incarcerate a criminal defendant. Lassiter, 452 U.S.[ 18,] 59, 101 S. Ct. 2153[ (1981)] (Stevens, J., dissenting).

In re T.M., 131 Hawaiʻi at 434, 319 P.3d at 353. Accordingly, inasmuch as the right to effective counsel requires the trial court to conduct a "penetrating and comprehensive examination" of a criminal defendant on the record to determine the basis for the defendant's request that appointed counsel be replaced, that right applies with equal force in the present context, where the state seeks to terminate Father's parental rights, and Father requested that his appointed counsel be replaced. It is equally true that absent a hearing on the basis for Father's objections to his appointed counsel, "it is impossible for [this court] to determine whether a claim of inadequate representation is justified." Kane, 52 Haw. at 487, 479 P.2d at 209.

Because the required examination plainly did not occur here, the question remains as to the proper disposition of this appeal. In Kane, the supreme court similarly concluded that the defendant was constitutionally entitled to a hearing on his objections to appointed counsel. There, the court reasoned:

> We do not believe that the error below automatically requires a new trial. The defendant complains that he was denied a hearing on his objections, and we hold that he must be given one. The outcome of such hearing should determine whether the further remedy of a new trial is necessary. This procedure was adopted by the Supreme Court in Jackson v. Denno, 378 U.S. 368, 84 S. Ct. 1774, 12 L. Ed. 2d 908 (1964), in a case involving the denial of a judicial hearing on the voluntariness of a confession. The present situation is analogous. We believe the most satisfactory disposition of this case will be achieved by following the procedures set forth by the Supreme Court in Jackson, supra at 394, 84 S. Ct. at 1790.

52 Haw. at 488, 479 P.2d at 210. The court thus remanded the case to the circuit court for a hearing, to be put on the record, of the defendant's claim of ineffective representation. Id. The court further stated: "If the claim proves to be without merit the court may re-enter the judgment. If the claim is meritorious

9

there should be a new trial."  Id.

We conclude that the same disposition is appropriate here.  Because the required examination of Father did not occur during the June 13, 2022 contested hearing, these cases must be remanded to the Family Court for a hearing on the basis of Father's request for new counsel at the June 13, 2022 hearing, and a determination as to whether Father's claim of ineffective assistance of counsel at that point has merit.  Based on the reasoning in Kane, the outcome of such a hearing should determine whether the further remedy of a new contested hearing is necessary.  If Father's claim of ineffective assistance of counsel proves to be without merit, the Family Court may re-enter the Orders.  If the claim is meritorious, there should be a new contested hearing.  Father provides no authority — and we have found none — supporting his position that this court should order a new contested hearing, absent a hearing to determine whether Father's claim of ineffective assistance of counsel has merit. Moreover, the current record is insufficient for this court to determine whether Father's claim of inadequate representation is justified.  That deficiency is best remedied by a hearing in the Family Court addressing Father's claim.

Relatedly, we conclude that FOFs 13 and 28 in FC-S No. 21-00150 and FOF 9 and 29 in FC-S No. 21-00152[4/] are clearly erroneous to the extent the Family Court found that Delaplane competently and zealously represented Father throughout the court

---

[4/]     FOF 13 (in FC-S No. 21-00150) and FOF 9 (in FC-S No. 21-00152) state:

> . . . DELAPLANE and . . . KIM competently and zealously represented [Father] throughout the court proceedings.

FOF 28 (in FC-S No. 21-00150) and FOF 29 (in FC-S No. 21-00152) state:

> During the trial, after the completion of cross-examination [of] the DHS social worker . . . FORVILLY, [Father] requested a recess to speak to his court-appointed counsel and subsequently requested that the Court appoint new counsel for him.  The Court denied the request to have new counsel appointed, at that time.  The trial continued with the DHS completing re-direct examination of its witness and the DHS rested its case.  No other parties presented evidence for the Court to consider in reaching its decision.

10

proceedings, and denied Father's request to have new counsel appointed, without first examining Father on the basis for his request for new counsel. Given our decision to remand this case to the Family Court for further proceedings, we do not reach Father's remaining points of error as to the multiple FOFs and COLs summarily listed in his opening briefs.[5/] See supra note 2.

**IV.**

For the reasons discussed above, we vacate FOFs 13 and 28 in the August 4, 2022 Findings of Fact and Conclusions of Law entered in FC-S No. 21-00150, and FOFs 9 and 29 in the August 4, 2022 Findings of Fact and Conclusions of Law entered in FC-S No. 21-00152, to the extent specified in this opinion. We remand these cases to the Family Court for a hearing on the basis of Father's request for new counsel at the June 13, 2022 contested hearing, a determination as to whether Father's claim of ineffective assistance of counsel at that point has merit, and further proceedings consistent with this opinion.

On the briefs:

Tae Chin Kim                          /s/ Lisa M. Ginoza
for Appellant Father                  Chief Judge


Kurt J. Shimamoto,                    /s/ Keith K. Hiraoka
Julio C. Herrera,                     Associate Judge
Patrick A. Pascual, and
Abigail D. Apana,
Deputies Attorney General,            /s/ Clyde J. Wadsworth
for Petitioner-Appellee               Associate Judge

---

[5/] We express no opinion on the merits of Father's claim that Delaplane provided ineffective assistance of counsel.