**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000352
31-AUG-2021
08:03 AM
Dkt. 66 SO**

NO. CAAP-19-0000352

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
LIANG LIANG CHEN, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-18-03214)


SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Hiraoka and Wadsworth, JJ.)


Defendant-Appellant Liang Liang Chen (**Chen**) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment (**Judgment**), entered on February 21, 2019, in the District Court of the First Circuit, Honolulu Division (**District Court**).[1] Following a bench trial, Chen was convicted of operating a vehicle under the influence of an intoxicant (**OVUII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) (Supp. 2017).[2]

---

[1] The Honorable Florence T. Nakakuni presided.

[2] HRS § 291E-61(a)(1) states:

(a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

On appeal, Chen contends that the District Court: (1) plainly erred in consolidating the hearing on Chen's motions to suppress evidence with the trial on the merits; (2) erred in failing to obtain a voluntary and knowing waiver of Chen's constitutional right to cross-examine the officer who administered a standardized field sobriety test (**SFST**) to Chen; and (3) erred in admitting improper evidence.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we vacate the Judgment and remand for a new trial.

(1) Chen argues that the District Court plainly erred in consolidating the hearing on Chen's motions to suppress evidence with the trial without: (A) Chen's knowing and voluntary waiver of his constitutional right to testify in the hearing on the motions to suppress; and (B) Chen being fully advised that his testimony at the suppression hearing could not be used to prove his guilt.

In State v. Chang, 144 Hawaiʻi 535, 445 P.3d 116 (2019), the defendant's suppression hearing was similarly consolidated with trial. Id. at 537, 445 P.3d at 118. The Hawaiʻi Supreme Court stated that because "[the defendant] had the right to testify for the purpose of his motion to suppress without having that testimony used against him at trial[,] [i]t was essential that [the defendant] be informed of those rights in order to ensure that [the defendant's] decision whether to testify at the suppression hearing was knowingly and intelligently made." Id. at 545, 445 P.3d at 126; see State v. Alkire, 148 Hawaiʻi 73, 78 n.2, 468 P.3d 87, 92 n.2 (2020) (construing Chang). The court ruled that under the totality of the circumstances, the trial court erred in conducting its pre-trial advisements regarding those rights, such that the court could not conclude that the defendant knowingly, intelligently and voluntarily waived his right to testify for purposes of the suppression hearing.[3/] Chang, 144 Hawaiʻi at 545, 445 P.3d at 126.

---

[3/]    Overruling State v. Texeira, 62 Haw. 44, 609 P.2d 131 (1980), the supreme court also prospectively held that trial courts could no longer

continued . . .

Here, the District Court engaged in pre-trial and ultimate colloquies with Chen regarding his right to testify at trial, but neither colloquy addressed Chen's separate right to testify in the hearing on his motions to suppress. The District Court thus failed to advise Chen that he could testify for the purpose of his motions to suppress without having that testimony used against him at trial. Indeed, the State agrees that the District Court erred in this regard. In short, the District Court did not inform Chen of "the separate right to testify at the suppression hearing and the right to testify at trial[.]" Chang, 144 Hawaiʻi at 553, 445 P.3d at 134. On this record, we cannot conclude that Chen knowingly, intelligently, and voluntarily waived his right to testify for purposes of the suppression hearing. See id. at 545, 445 P.3d at 126; see also id. at 554, 445 P.3d at 135 (the trial court's "failure to properly inform [the defendant] of his separate and distinct rights to testify[] render[ed the defendant's] subsequent waiver of these rights invalid"). Accordingly, we must vacate the Judgment on this ground and remand for a new trial. See id. at 537, 445 P.3d at 118.

(2) Chen contends that the District Court erred in failing to obtain a voluntary and knowing waiver of Chen's constitutional right to cross-examine Honolulu Police Department Officer Franchot Termeteet (**Officer Termeteet**), who administered the SFST to Chen on the night of the incident. Specifically, Chen argues that the District Court failed: (A) to conduct a colloquy with Chen regarding the parties' stipulation as to Officer Termeteet's training to administer and evaluate the SFST; and (B) to obtain a valid waiver from Chen of his right to cross-examine Officer Termeteet on these subjects.

The Hawaiʻi Supreme Court rejected a similar argument in State v. Wilson, 144 Hawaiʻi 454, 445 P.3d 35 (2019). There,

---

. . . continued

consolidate a motion to suppress hearing with a trial. Chang, 144 Hawaiʻi at 546, 445 P.3d at 127; see id. at 556, 445 P.3d at 137 ("This requirement will be effective in trials beginning after the filing date of this opinion[,]" i.e., June 28, 2019). Because Chen's trial began on February 4, 2019, the prospective rule announced in Chang does not apply.

the court held that a colloquy was not required where the defendant's attorney stipulated to a police officer's qualifications to conduct the SFST:

> [T]he stipulation in this case did not establish facts satisfying any elements of the charged offense. To convict [the defendant] of OVUII, the State was required to prove that she operated a vehicle "while under the influence of alcohol in an amount sufficient to impair her normal mental faculties or ability to care for herself and guard against casualty." HRS § 291E-61(a)(1). Stipulating that the officer was "qualified and certified to conduct the SFST and that he received specialized training in administering and grading all of the SFSTs" is not in itself proof that [the defendant] was operating a vehicle or that she was impaired. Thus, the stipulation in this case did not amount to a waiver of [the defendant's] fundamental right to have every element of a charged offense proven beyond a reasonable doubt.
>
> Neither did the stipulation significantly impinge on [the defendant's] confrontation rights. Unlike the evidentiary stipulation at issue in [State v. ]Casey[, 51 Haw. 99, 451 P.2d 806 (1969)], the stipulation in this case did not serve as a substitute for evidence from which a factfinder could conclude that any element of the charged offenses was satisfied in whole or in part. Instead, this stipulation was to an evidentiary foundation involving the qualifications of a witness. Under the circumstances, we cannot say that the stipulation so infringed upon [the defendant's] right to confront [the officer] that a colloquy was required.

Id. at 464-65, 445 P.3d at 45-46 (footnote and original brackets omitted).

Here, as in Wilson, the stipulation at issue did not establish facts satisfying any elements of the charged OVUII offense, and did not serve as a substitute for evidence from which the court as factfinder could conclude that any element of the charged offense was satisfied in whole or in part. Rather, the stipulation was to an evidentiary foundation involving the qualifications of witness Officer Termeteet. Thus, the District Court was not required to have a colloquy with Chen before accepting his stipulation as to Officer Termeteet's qualifications to administer and evaluate the SFST. On this record, we conclude that the District Court did not err in accepting the stipulation.

(3) Chen contends that the District Court erred in admitting hearsay testimony in violation of Rules 401, 402, 403,

4

and 802 of the Hawaii Rules of Evidence (**HRE**), quoted <u>infra</u>.[4] Chen argues that Officer Termeteet's testimony regarding Chen's statements during the SFST, as translated by a passenger in Chen's vehicle named Emily who served as an interpreter (**Emily** or **the interpreter**), was "inadmissible hearsay[,] . . . incompetent, irrelevant, and overwhelmingly prejudicial."  In addition, Chen appears to argue that Officer Termeteet's "testimony of Chen's conduct that was a result of Emily's statements to Chen" was inadmissible on the same grounds.  Chen also asserts that the District Court plainly erred in admitting evidence of the interpreter's demonstration of the SFSTs to Chen, "and relying upon it for purposes of substantive evidence of Chen's guilt."

We first note that Chen fails to identify the "full substance of the evidence" that he claims was improperly admitted, <u>i.e.,</u> the specific trial testimony that he claims was inadmissible on the various grounds he asserts, in violation of HRAP Rule 28(b)(4)(A).  In his third point of error, Chen merely quotes a hearsay objection, and related discussion with the court, which Chen raised at trial after Officer Termeteet testified regarding Chen's responses to the medical rule-out (**MRO**) questions that the officer asked before administering the SFST.  Chen also challenges unspecified testimony regarding Chen's subsequent "conduct," as well as the interpreter's demonstration of the SFSTs to Chen,[5] arguing that the demonstration is "irrelevant to any fact of consequence in this case."  We thus infer that Chen's point of error concerns the admission of Officer Termeteet's testimony regarding (1) Chen's responses to the MRO questions, (2) Chen's subsequent unspecified conduct, and (3) the interpreter's demonstration of the SFSTs to Chen (the **challenged testimony**).

---

[4]    In ruling on Chen's motions to suppress, the District Court concluded, among other things, that <u>Miranda</u> warnings were not required in the circumstance of this case.  On appeal, Chen does not challenge the District Court's ruling in this regard, thereby waiving the issue.  <u>See</u> Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4), (7).

[5]    Officer Termeteet testified that both he and Emily demonstrated the walk-and-turn and one-leg stand tests to Chen, and that Emily correctly demonstrated the tests.

### HRE Rules 401 and 402:  Relevance

At trial, Chen did <u>not</u> object to any of the challenged testimony based on relevance under HRE Rules 401[6] and 402.[7] This basis for appeal was therefore waived.  <u>See State v. Gonzalez</u>, 128 Hawai'i 314, 317, 288 P.3d 788, 791 (2012) (noting that "the failure to properly raise an issue at the trial level precludes a party from raising that issue on appeal" (quoting <u>State v. Kikuta</u>, 125 Hawai'i 78, 89, 253 P.3d 639, 650 (2011))); <u>see</u> HRE Rule 103(a)(1).  Further, on appeal, Chen provides no reasoned argument as to why each element of the challenged testimony was not relevant to the issue of Chen's alcohol impairment.[8]  Chen similarly fails to provide any argument as to why the District Court could not consider testimony regarding the interpreter's demonstration of the SFSTs to Chen for purposes of determining Chen's guilt.  For this additional reason, Chen's point of error based on HRE Rules 401 and 402 is deemed waived. <u>See</u> HRAP Rule 28(b)(7).

### HRE Rule 403:  Unfair Prejudice

Chen <u>did</u> object at trial to admission of his <u>translated responses</u> to Officer Termeteet's questions based on HRE Rule

---

[6]    HRE Rule 401 states, in relevant part:

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

[7]    HRE Rule 402 states, in relevant part:

All relevant evidence is admissible, except as otherwise provided by the Constitutions of the United States and the State of Hawaii, by statute, by these rules, or by other rules adopted by the supreme court.  Evidence which is not relevant is not admissible.

[8]    Chen argues that the challenged testimony was "irrelevant and inadmissible" because the evidence "lacked any evidentiary foundation."  We note that Chen did not object at trial to <u>any</u> of the challenged testimony based on lack of foundation.  "[A] 'lack of foundation' objection generally is insufficient to preserve foundational issues for appeal because such an objection does not advise the trial court of the problems with the foundation."  <u>State v. Long</u>, 98 Hawai'i 348, 353, 48 P.3d 595, 600 (2002). Here, there was not even a lack-of-foundation objection to the challenged testimony; thus, any alleged foundational issues were not conveyed to the District Court and were thus waived.  To the extent that Chen's current lack-of-foundation argument overlaps with his hearsay argument, that issue is addressed below.

403,[9] but he offered no argument at trial — and he provides none on appeal — as to why the probative value of the statements is substantially outweighed by the danger of unfair prejudice or any other factor identified in HRE Rule 403. See HRAP Rule 28(b)(7). Chen asserts on appeal that the interpreter's demonstration of the SFST "resulted in unfair prejudice violating Chen's rights to due process[,]" but he did not raise this objection at trial and offers no argument on appeal supporting this assertion. Therefore, Chen's point of error based on HRE Rule 403 is deemed waived. See Gonzalez, 128 Hawaiʻi at 317, 288 P.3d at 791; HRAP Rule 28(b)(7).

### HRE Rule 803: Hearsay

Chen did not object at trial to the admission of Officer Termeteet's testimony regarding Chen's "conduct that was a result of Emily's statements to Chen." For example, Chen did not object to the testimony of Officer Termeteet regarding his observations of Chen's performance on the SFST. In particular, Chen's hearsay objection, which concerned testimony regarding Chen's statements in response to the MRO questions (see supra), was not asserted with respect to, and by definition would not have applied to, testimony regarding his conduct in performing the SFST. See HRE Rule 801. This basis for appeal was therefore waived. See Gonzalez, 128 Hawaiʻi at 317, 288 P.3d at 791.

Chen did object at trial on hearsay grounds to the admission of Officer Termeteet's testimony regarding Chen's responses to the MRO questions, and he has raised and argued that issue on appeal. Chen contends that his translated statements constituted inadmissible hearsay, because they were out-of-court statements offered to prove the truth of the matter asserted, and

---

[9] HRE Rule 403 states, in relevant part:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

there was no applicable hearsay exception.[10/]  However, we need not address this argument for the reasons explained below.

### Sufficiency of the Evidence

Chen summarily asserts at the end of his opening brief that "without the improper and incompetent evidence," there was insufficient evidence to support Chen's conviction.  Chen does not include this assertion in his third point of error, which states in part that "the incompetent evidence must be excluded . . . and a new trial ordered."  As previously noted, Chen also fails to identify specifically the "incompetent evidence" that is the subject of his third point of error, in violation of HRAP 28(b)(4)(A).  Further, Chen offers no argument to support his bare assertion that without such evidence, there was insufficient evidence to support his conviction.  We thus deem the point waived.  See HRAP Rule 28(b)(4) and (7).  Regardless, based on the entire record, and viewing the evidence in the light most favorable to the prosecution, we conclude there was sufficient evidence to support Chen's conviction based on Officer Termeteet's testimony regarding Chen's driving pattern and the physical signs of his alcohol impairment, including his performance on the SFST.  See State v. Grace, 107 Hawaiʻi 133, 139, 111 P.3d 28, 34 (App. 2005) (quoting State v. Ferrer, 95 Hawaiʻi 409, 422, 23 P.3d 744, 757 (App. 2001)).

In light of our decision to vacate the Judgment on other grounds (see supra), and our conclusion that there was sufficient evidence to support the conviction even without Chen's translated statements, we need not address Chen's argument that those statements constituted inadmissible hearsay.

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on February 21, 2019, in the District Court of the First Circuit, Honolulu Division, is vacated.  The case is remanded to the

---

[10/]    Under HRE Rule 802, "[h]earsay is not admissible except as provided by these rules, or by other rules prescribed by the Hawaii [S]upreme [C]ourt, or by statute."  "Hearsay" is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  HRE Rule 801.  The "'[d]eclarant' is a person who makes [the] statement."  Id.

District Court for a new trial and for further proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawaiʻi, August 31, 2021.


On the briefs:

Taryn R. Tomasa,
Deputy Public Defender,
for Defendant-Appellant.

Chad M. Kumagai,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge


/s/ Keith K. Hiraoka
Associate Judge


/s/ Clyde J. Wadsworth
Associate Judge