**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-22-0000329**
**20-MAR-2025**
**08:03 AM**
**Dkt. 89 SO**

NO. CAAP-22-0000329

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JONATHAN ELLWAY, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DTA-21-00171)

**SUMMARY DISPOSITION ORDER**
(By: Wadsworth, Presiding Judge, McCullen and Guidry, JJ.)

Defendant-Appellant Jonathan Ellway (**Ellway**) appeals from the Judgment and Notice of Entry of Judgment (**Judgment**), filed on April 1, 2022 by the District Court of the Second Circuit (**district court**).[1]

On March 3, 2021, the State of Hawai'i (**State**) filed a Complaint against Ellway charging him with violating Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1), and/or 291E-61(a)(3) (2020) for operating a vehicle under the influence of an

_____

[1] The Honorable Blaine J. Kobayashi presided.

intoxicant.  The district court held a bench trial, and Ellway was found guilty under HRS § 291E-61(a)(3).

Ellway raises four points of error on appeal, contending that the district court erred by: (1) "denying [Ellway's] oral motion . . . to dismiss the Complaint as being defective under State v. Thompson, 150 Hawai'i 262, 500 P.3d 447 (2021)"; (2) "completing Ellway's trial" with a substitute judge "without obtaining Ellway's knowing, intelligent and voluntary consent through an on-the-record colloquy"; (3) "reviewing the video of Ellway's trial [proceedings that were presided over by the original judge] in [Ellway's] absence in violation of [Ellway's] right to a public trial"; and (4) "admitting the results of [Ellway's] breath test because [the] State's [e]xhibits . . . lacked sufficient foundation."

Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Ellway's points of error as follows:

(1) Ellway contends that the district court erred when it denied Ellway's motion to dismiss the complaint as defective. We review the trial court's ruling on a motion to dismiss a charge for abuse of discretion.  Thompson, 150 Hawai'i at 266, 500 P.3d at 451.

2

Ellway's motion to dismiss was made during trial. Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 12(b) states, in relevant part:

> **(b) Pretrial motions. . . . The following must be raised prior to trial:**
> (1) defenses and objections based on defects in the institution of the prosecution;
> (2) **defenses and objections based on defects in the charge (other than that it fails to show jurisdiction in the court** or to charge an offense **which** objections **shall be noticed by the court at any time during the pendency of the proceedings**)[.]

(Emphasis added.)

Ellway contends that the motion to dismiss was timely under HRPP Rule 12(b) because it alleged that the district court lacked jurisdiction over the matter, due to the State's failure to comply with the complaint requirements under HRS § 805-1 (2014), and jurisdiction is a defense that may be noticed by the court at any time during the pendency of the proceeding.

The Hawaiʻi Supreme Court in State v. Mortensen-Young clarified "that HRS § 805-1 applies only to complaints for a penal summons or an arrest warrant." 152 Hawaiʻi 385, 387, 526 P.3d 362, 364 (2023). Here, the Complaint was not for a penal summons or an arrest warrant. See id. at 395, 526 P.3d at 372. HRS § 805-1 is inapplicable here. We conclude, therefore, that the district court did not abuse its discretion in denying Ellway's motion to dismiss.

(2) Ellway contends that the substitution of a new judge, midway through Ellway's trial, implicated his fundamental constitutional rights. And because the district court proceeded without engaging in an on-the-record colloquy and "obtaining Ellway's knowing, intelligent and voluntary [waiver]," the district court committed reversible error. See State v. Chang, 144 Hawaiʻi 535, 545, 445 P.3d 116, 126 (2019) ("[T]rial courts must engage in an on-the-record colloquy with a defendant . . . to ensure that any waiver of [fundamental constitutional] rights is knowing, intelligent, and voluntary.") (citation omitted); State v. Sprattling, 99 Hawaiʻi 312, 321, 55 P.3d 276, 285 (2002) ("Failure to obtain a valid waiver constitutes reversible error.") (citation omitted). We review questions of constitutional law de novo under the right/wrong standard. State v. Fields, 115 Hawaiʻi 503, 511, 168 P.3d 955, 963 (2007).

"[W]here a waiver goes beyond the bounds of trial tactics and procedure, and impinges significantly on [a] constitutionally guaranteed right," waiver must be done by the beneficiary of the right, not by counsel. State v. Casey, 51 Haw. 99, 101, 451 P.2d 806, 808-09 (1969). "A fundamental constitutional right is one that is explicitly or implicitly guaranteed by the Constitution." In re Applications of Herrick, 82 Hawaiʻi 329, 345, 922 P.2d 942, 958 (1996) (cleaned up). Ellway does not cite to legal authority recognizing the

4

fundamental right to a particular judge or factfinder, and we are unaware of such authority.

Moreover, the record reflects that the substitution of the judge during the bench trial – to which Ellway consented – did not infringe upon his constitutionally guaranteed rights. Instructive here is this court's previous conclusion that a judge could be substituted during a criminal defendant's bench trial where, as here, the defendant failed to object to the substitution of the new judge, the record reflects that the substitute judge "watched the official videotape of the previous witnesses' testimony and was completely familiar with the record of the trial," and the defendant "failed to [otherwise] demonstrate any prejudice to his rights under the unique facts of [the] case." State v. Fleming, No. CAAP-15-0000772, 2019 WL 5418065, at *4–5 (Haw. App. Oct. 22, 2019) (SDO).

Here, the substitute judge represented to the parties that he "reviewed all of the records and files in [the] case, including reviewing the entire videotape proceedings of the trial." Ellway's counsel represented on the record that she had spoken with Ellway about the substitution of a new judge to preside over the case, and that she and Ellway had "no objection to [the substitute judge] presiding and continuing [the] trial." Ellway does not demonstrate how he was prejudiced by the substitution of a new judge.

We conclude, therefore, that the district court was not wrong in continuing the trial with a substitute judge, and in doing so without conducting an on-the-record colloquy.

(3) Ellway contends that the district court violated his "right to a public trial" when the substitute judge reviewed the video of Ellway's prior trial proceedings in his absence. We review questions of constitutional law de novo under the right/wrong standard.  Fields, 115 Hawaiʻi at 511, 168 P.3d at 963.

The Sixth Amendment of the U.S. Constitution states that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed."  U.S. Const. amend. VI.  The public trial right applies to most stages of a trial.  Weaver v. Massachusetts, 582 U.S. 286, 292 (2017).  Article I, section 14 of the Constitution of the State of Hawaiʻi provides an analogous right to a public trial.

The substitute judge did not "close" the proceedings to the public; he reviewed the video recordings of the part of the bench trial over which another judge had presided.  There is no evidence in the record to suggest that the district court, while reviewing the video recordings, conducted further proceedings that should have been public.

We conclude, therefore, that the district court did not err when it reviewed Ellway's prior trial proceedings, and it did not violate Ellway's right to a public trial.

(4) Ellway contends that the district court "committed reversible error" by admitting into evidence, without sufficient foundation, the State's Certificates of Analysis (State Exhibits 3 and 4)[2] under the business records hearsay exception. "[W]here the admissibility of evidence is determined by application of the hearsay rule, there can be only one correct result, and the appropriate standard for appellate review is the right/wrong standard." State v. Moore, 82 Hawaiʻi 202, 217, 921 P.2d 122, 137 (1996) (cleaned up).

Hawaii Rules of Evidence (**HRE**) Rule 803(b)(6) provides that the following category, inter alia, is excluded from the hearsay rule:

> **Records of regularly conducted activity**. A memorandum report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made in the course of a regularly conducted activity, at or near the time of the acts, events, conditions, opinions, or diagnoses.

(Emphasis added.)

To be admissible under HRE Rule 803(b)(6), the party seeking to introduce the evidence must establish foundation

---

[2] The record reflects that Maui Police Department (**MPD**) receives a certification of analysis when it orders reference samples for its breath alcohol testing instruments. The reference samples are used to test the accuracy of the breath alcohol testing instruments.

through the "testimony of the custodian or other qualified witness, or by certification that complies with rule 902(11) or a statute permitting certification." Qualified witnesses do not need to be employees of the business that created the document, nor do they need to have "direct, personal knowledge of how the document was created." State v. Fitzwater, 122 Hawai'i 354, 366, 227 P.3d 520, 532 (2010). "[E]mployee[s] of a business that receive[] records from another business can be . . . qualified witness[es]" if they "have enough familiarity with the record-keeping system of the business in question to explain how the record came into existence in the ordinary course of business," and the records "were created in the regular course of some entity's business." Id. (citation omitted).

However, the witness must not only show that the organization relied on the records created by another entity, there must also be other indicia of reliability such as having a contractual obligation to create the records. Id. at 366-69, 227 P.3d at 532-35.

Sergeant Nicholas Krau's testimony during the trial demonstrated that: (1) MPD regularly orders the breath alcohol test reference samples, which come with the Certificates of Analysis; (2) MPD relies on the accuracy of the contents of these certificates; (3) MPD has a contractual relationship with the vendors who make these certificates; and (4) the Department

of Health (**DOH**) has approved the vendors of these certificates. Therefore, MPD provided sufficient indicia of reliability as to the Certificates of Analysis, and the district court did not err in admitting them into evidence.[3]

For the foregoing reasons, we affirm the Judgment.

DATED: Honolulu, Hawai'i, March 20, 2025.

| | |
|---|---|
| On the briefs: | /s/ Clyde J. Wadsworth<br>Presiding Judge |
| Hayden Aluli,<br>for Defendant-Appellant. | /s/ Sonja M.P. McCullen<br>Associate Judge |
| Richard B. Rost,<br>Deputy Prosecuting Attorney,<br>County of Maui,<br>for Plaintiff-Appellee. | /s/ Kimberly T. Guidry<br>Associate Judge |

---

[3] We note that State Exhibits 3 and 4 would have also been admissible because MPD had approval from the DOH DUI Coordinator. State v. Werle, 121 Hawai'i 274, 282-83, 218 P.3d 762, 770-71 (2009) (holding that in lieu of expert testimony, the proponent of the evidence may show that the DUI coordinator approved the specific testing procedure and instrument as a "shortcut" to establishing reliability).